# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| AASHISH KALRA, ASIA PACIFIC VENTURES, LTD., AND TRIKONA ADVISERS LIMITED, | ) ) ) ) NO. _____ |
| Plaintiffs, | ) ) |
| vs. | ) ) ) February 12, 2018 |
| ADLER POLLOCK & SHEEHAN P.C. and MICHAEL GILLERAN, | ) ) ) |
| Defendants. | ) |

## <u>NOTICE OF REMOVAL</u>

Defendants Adler Pollock & Sheehan P.C. ("APS") and Michael Gilleran ("Gilleran") hereby remove this action from the Superior Court of the State of Connecticut, Judicial District of Bridgeport, to this Court. Removal is based on the following grounds:

1.     This is a civil action that may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. This civil action is within the Court's original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000, exclusive of interests or costs, and there is complete diversity of citizenship.

2.     Counsel for Plaintiffs Aashish Kalra, Asia Pacific Ventures, Ltd., and Trikona Advisers Limited ("Plaintiffs") executed a Summons and Complaint in this action on January 12, 2018. A copy of the Summons and Complaint is attached as **Exhibit A**.

3.     Defendant Michael Gilleran received a copy of the Summons and Notice by certified mail on January 16, 2018.

4.     APS received a copy of the Summons and Complaint via an email from counsel on January 16, 2018 and via certified mail on January 17, 2018.

5.      Complete diversity of citizenship exists between Plaintiffs Aashish Kalra, Asia Pacific Ventures, Ltd., and Trikona Advisers Limited, and Defendants APS and Michael Gilleran, as follows:

      a.  According to the Complaint, Aashish Kalra is an individual residing in Westport, Connecticut.  Compl. ¶ 1.

      b.  According to the Complaint, Asia Pacific Ventures, Ltd. is a "Panamanian company."  Compl. ¶ 2.

      c.  According to the Complaint, Trikona Advisers, Limited is a corporation incorporated under the laws of the Cayman Islands with its principal place of business in New Delhi, India. Compl. ¶ 3.

      d.  APS is a professional corporation organized under the laws of the state of Rhode Island. It has law offices in Rhode Island, Massachusetts, and New Hampshire.  Compl. ¶ 4.  Its principal place of business is in Rhode Island.

      e.  Michael Gilleran is an individual residing in Massachusetts.  Compl. ¶ 5.

6.      Because Plaintiffs are citizens of different states (Connecticut, Panama, the Cayman Islands) than defendants APS (Rhode Island) and Michael Gilleran (Massachusetts), complete diversity exists between Plaintiffs and Defendants.

7.      The amount in controversy in this case exceeds $75,000, pursuant to 28 U.S.C. § 1332(a)(1).   Although Defendants dispute any liability and Plaintiffs' entitlement to any damages, the face of the pleading demonstrates that Plaintiffs allege more than $75,000 in controversy. Plaintiffs allege purported losses of $2.5 million dollars that they attribute to Defendants' alleged conduct. Compl. ¶¶ 9, 21(a), 63, 84, 106, 211. In their prayer for relief, Plaintiffs claim damages of "at least $2.5 million." They further seek "[r]estitution of legal fees

and costs paid by plaintiffs to defendants of at least $2.5 million." Plaintiffs also seek additional unquantified compensatory and punitive damages. Compl., Prayer for Relief, at p. 15.

8.    Consequently, the Complaint alleges a civil action between citizens of diverse states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Removal is therefore proper under 28 U.S.C. § 1441(a).

9.    This notice is timely under 28 U.S.C. § 1446(b), as well as Local Rule 6 and Fed. R. Civ. P. 6(a)(1)(C), because it is filed within 30 days of receipt of the Summons and Complaint by Michael Gilleran and APS.[1]

10.    Under 28 U.S.C. § 1441(a), venue for purposes of removal is proper in this District because the state court where Plaintiffs intend to return their action, the Superior Court, Judicial District of Bridgeport, is within the District of Connecticut.

11.    Contemporaneously with the filing of this Notice of Removal, Defendants have given written notice to Plaintiffs' counsel.

12.    Defendants will promptly file a copy of this Notice of Removal, together with all exhibits, with the Clerk of the Superior Court of the State of Connecticut, Judicial District of Bridgeport, as required by 28 U.S.C. § 1446(d) once a docket is established in the Superior Court.

WHEREFORE, without waiving any of their potential defenses or counterclaims, Defendants respectfully remove this action from the Superior Court, Judicial District of Bridgeport, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

---

[1] The summons indicates that service was purportedly made via service on the Connecticut Secretary of State. Defendants reserve all rights to challenge the validity of this service. Regardless, the summons is dated January 12, 2018.  Thus, the earliest service that theoretically could have been made was on that date and this removal notice is timely.

Respectfully Submitted,

February 12, 2018

*/s/ Kim E. Rinehart*
Kim E. Rinehart (ct24427)
William H. Prout, Jr. (ct05494)
Benjamin Diessel (ct30383)
Wiggin and Dana LLP
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
Tel: (203) 498-4400
Fax: (203) 782-2889
krinehart@wiggin.com
wprout@wiggin.com
bdiessel@wiggin.com

*Attorneys for Adler Pollock & Sheehan P.C.*
*and Michael Gilleran*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served via first-class U.S. mail, this 12th day of February, on:

Andrew Bowman, Esq.
Law Offices of Andrew B. Bowman
1804 Post Road East
Westport, CT 06880
*Counsel for Plaintiffs*

_/s/ Kim Rinehart_____
Kim Rinehart

24809\1\3848438.v1

# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1 Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*



**See other side for instructions**

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.

☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.

☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| **1061 Main Street, Bridgeport, CT 06604** | ( 203 ) 579-6527 | **February** 27, 2 018<br>Month  Day  Year |

| ☒ Judicial District  ☐ Housing Session  ☐ G.A. Number: | At *(Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349)* **Bridgeport** | Case type code *(See list on page 2)* Major: **T**  Minor: **29** |
|---|---|---|

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* **Andrew B. Bowman, 1804 Post Road East, Westport, CT 06880** | Juris number *(to be entered by attorney only)* **101507** |
|---|---|

| Telephone number *(with area code)* ( 203 ) 259-0599 | Signature of Plaintiff *(If self-represented)* |
|---|---|

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes  ☐ No | Email address for delivery of papers under Section 10-13 *(if agreed to)* **andrew@andrewbowmanlaw.com** |
|---|---|---|

| Number of Plaintiffs: **3** | Number of Defendants: **2** | ☒ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| **First Plaintiff** | Name: **Kalra, Aashish**  Address: **9 Placid Lake Lane, Westport, CT 06880** | P-01 |
| **Additional Plaintiff** | Name: **Asia Pacific Ventures, Ltd.**  Address: **Marbella, 54th East Street #3A, City of Panama, Republic of Panama** | P-02 |
| **First Defendant** | Name: **Adler Pollock & Sheehan PC, c/o Secretary of State, 30 Trinity Street, Hartford, CT 06106**  Address: **One Citizens Plaza, 8th Floor, Providence, RI 02903-1345** | D-01 |
| **Additional Defendant** | Name: **Michael Gilleran, c/o Secretary of State, 30 Trinity Street, Hartford, CT 06106**  Address: **9 Sessions Street, Wellesley, MA 02482** | D-02 |
| **Additional Defendant** | Name:  Address: | D-03 |
| **Additional Defendant** | Name:  Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court  ☐ Assistant Clerk | Name of Person Signing at Left **Andrew B. Bowman** | Date signed 1/12/18 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | | For Court Use Only |
|---|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.<br>c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | | File Date |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**
JD-CV-2    Rev. 9-12

STATE OF CONNECTICUT
**SUPERIOR COURT**

First named Plaintiff *(Last, First, Middle Initial)*

**Kalra, Aashish**

First named Defendant *(Last, First, Middle Initial)*

**Adler Pollock & Sheehan PC**

## Additional Plaintiffs

| Name *(Last, First, Middle Initial, if individual)* · Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|
| **Trikona Advisers Limited, 3rd Floor, Queensgate House, 113 South Street, P.O. Box 10240, George Town, Grand Cayman KY1-1002** | 03 |
| | 04 |
| | 05 |
| | 06 |
| | 07 |
| | 08 |
| | 09 |
| | 10 |
| | 11 |
| | 12 |
| | 13 |

## Additional Defendants

| Name *(Last, First, Middle Initial, if individual)* · Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|
| | 05 |
| | 06 |
| | 07 |
| | 08 |
| | 09 |
| | 10 |
| | 11 |
| | 12 |
| | 13 |
| | 14 |

FOR COURT USE ONLY - File Date

Docket number

**CIVIL SUMMONS-Continuation**

RETURN DATE:  February 27, 2018 :          SUPERIOR COURT

AASHISH KALRA, ASIA
PACIFIC VENTURES, LTD.,
TRIKONA ADVISERS,
LIMITED,                              :          J.D. OF FAIRFIELD

          Plaintiffs,                 :

VS                                    :          AT BRIDGEPORT

ADLER POLLOCK & SHEEHAN
P.C. AND MICHAEL GILLERAN,   :

          Defendants.                 :          JANUARY 11, 2018

## COMPLAINT

## PRELIMINARY STATEMENT

Plaintiffs bring this action for legal malpractice, breach of fiduciary duty,

breach of agreement, both oral and written, intentional misrepresentation, breach of

the covenant of good faith and fair dealing and violation of the Connecticut Unfair

Trade Practices Act (CUTPA) against defendants Adler Pollock & Sheehan PC and

Michael Gilleran.

## **THE PARTIES**

1.  Plaintiff Aashish Kalra (hereinafter referred to as "Kalra") is a resident of Westport, Connecticut.  At all times relevant to this Complaint, Kalra individually and as a director of Trikona was a client of the defendants Adler, Pollock & Sheehan, P.C., and Michael Gilleran which defendants represented Kalra in connection with litigation in the federal and state courts of Connecticut, the Grand Court of Cayman, the Cayman Islands Court of Appeals and New York.

2.  Plaintiff Asia Pacific Ventures, Ltd. (hereinafter referred to as "Asia Pacific"), a Panamanian company, at all times relevant to this complaint, was a client of the defendants Adler Pollock & Sheehan PC and Michael Gilleran in the federal and state courts of Connecticut, the Grand Court of Cayman, Cayman Islands Court of Appeals and New York.

3.  Plaintiff Trikona Advisers, Limited (hereinafter referred to as "Trikona"), a Cayman corporation incorporated under the laws of the Cayman Islands with a principal place of business in New Delhi, India, at all times relevant to this complaint was a client of the defendants Adler Pollock & Sheehan PC and Michael Gilleran in the federal and state courts of Connecticut, the Grand Court of Cayman, the Cayman Islands Court of Appeals and New York.

4.   Defendant Adler, Pollock & Sheehan P.C. (hereinafter referred to as "APS") is a professional corporation organized under the laws of the State of Rhode Island with law offices in Boston, MA, Providence, RI, Newport, RI and Manchester, NH. At all times relevant to the allegations in this Complaint defendant APS had an attorney-client relationship with plaintiffs Kalra, Asia Pacific and Trikona and did transact business in the State of Connecticut through its attorneys, including but not limited to defendant Michael Gilleran, who entered appearances, conducted litigation, made legal decisions and gave legal advice to plaintiffs in relation to Connecticut federal and state litigation as well as litigation in the Cayman Islands and New York.

5.   Defendant Michael Gilleran, (hereinafter referred to as "Gilleran") an attorney, is a resident of Wellesley, MA and was at all times relevant to the allegations in this Complaint a shareholder, partner, employee and agent authorized to act as an attorney by the defendant Adler, Pollock & Sheehan PC in the representation of the plaintiffs Kalra, Asia Pacific and Trikona during the course of litigation in the State of Connecticut, in both federal and state courts, the Cayman Islands; specifically the Grand Court of Cayman and the Cayman Islands Court of Appeals, and New York where the defendants Adler, Pollock & Sheehan,

3

P.C. and Michael Gilleran provided legal services and representation to the plaintiffs.

6.     In the fall of 2011 the plaintiffs did enter into an attorney-client relationship with defendants Adler Pollock & Sheehan PC and Michael Gilleran both orally and in writing.

7.     Plaintiffs' attorney-client relationship with defendant Michael Gilleran continued through October 2015, and the attorney-client relationship with defendant Adler Pollock & Sheehan PC continued through at least the 31st day of January 2015.

8.     At all times relevant to this Complaint, the defendants Adler Pollock & Sheehan PC and Michael Gilleran did provide legal services and advice to the plaintiffs upon which the plaintiffs reasonably relied (a) prior to the commencement of litigation by the defendants in behalf of the plaintiffs, (b) during the course of litigation in state and federal courts in Connecticut, the Grand Court of Cayman, the Cayman Islands Court of Appeals, and New York and (c) with respect to all issues arising out of the litigation as hereinafter set forth in the following cases; (1) *Asia Pacific and Trikona Advisers Limited vs. Chugh, et al*; *Trikona Advisers Limited vs. Chugh, et al (*also docket no. 11 CV 2015) and (2) the

initial filings of Notices of Appeal and motions for stay in the United States Court

of Appeals for the Second Circuit, docket no. 14-975CV; (3) *Trikona Advisers*

*Limited vs. Haida Investments Ltd., et al*, docket no. HHD-CV12-6030347-S in the

Hartford Judicial District - complex litigation docket, (4) *ARC Capital, LLC, et al*

*vs. Trikona Advisers Limited and Aashish Kalra*, docket no. HHD-CV-14-

6047993-S on the complex litigation docket in the Superior Court for the Hartford

Judicial District, (5) *In the matter of Trikona Advisors Limited; ARC Capital LLC*

*and Haida Investments, Limited vs. Asia Pacific Limited,* FSD 18 of 2012 (AJJ) in

the Grand Court of the Cayman Islands - Financial Services Division and the

appeal to the Cayman Islands Court of Appeals and (6) certain litigation in the

State of New York.

    9.   The defendants Adler Pollock & Sheehan PC and Michael Gilleran

affirmatively and falsely represented as a statement of fact to the plaintiffs that

they were experienced litigators in commercial matters, that they were experts in

conducting federal and state commercial litigation in Connecticut (notwithstanding

that defendant Gilleran was not admitted to practice in Connecticut), that the

defendants were experts in international bankruptcy law including Chapter 15 of

the U.S. Bankruptcy Code, and that they were completely familiar with and highly

skilled in the conduct of Connecticut state and federal litigation in order to induce

the plaintiffs to enter into an attorney-client relationship with the defendants and to

pay the defendants approximately $2.5 million dollars for legal services.

10.  At all times relevant to the allegations in this Complaint the plaintiffs

relied on the defendants' representations that they were legal experts in the conduct

of federal and state litigation in Connecticut, experts in International Bankruptcy

law – especially the provisions of Chapter 15 of the United States Bankruptcy

Code, the law of the Cayman Islands as it relates to U.S. Recognition of Cayman

Islands judgments rendered in Cayman Wind-Up proceedings, the law of comity,

collateral estoppel, issue preclusion and decisions regarding corporate affairs

including but not limited to the legal process necessary for the removal of a

member of the Board of Directors of  plaintiff Trikona Advisers Limited.

11.  The defendants churned fees during the course of litigation in which

they were completely and totally unsuccessful in their representation of plaintiffs

Kalra, Asia Pacific and Trikona.  In this respect the defendants subordinated the

interest of their clients, plaintiffs Kalra, Asia Pacific and Trikona, with whom the

defendants had a fiduciary relationship, to that of the defendants' own financial

interest, causing plaintiffs great financial loss in unwarranted fees paid to the

defendants and exposure to potential liability to opposing parties in the litigation in which plaintiffs were unsuccessfully represented by defendants including claims for costs, opposing parties' attorneys fees, and opposing parties' claims for abuse of process and statutory and common law vexatious litigation.

12.   The defendants APS and Gilleran have most recently breached their professional responsibility and fiduciary duty to the plaintiffs by representing that they may or will pay as a settlement of vexatious suit and abuse of process claims brought against them, by the opposing parties to the plaintiffs, an amount of money that will be used to fund the opposing parties' continuing litigation against the plaintiffs and leave the plaintiffs Asia Pacific and Trikona and potentially Kalra to defend on their own against those same vexatious suit and abuse of process claims. In this respect the defendants have also subordinated the interests of the plaintiffs to whom they owe a fiduciary duty to that of their own.

13.   In every piece of litigation in which the defendants represented the plaintiffs, the defendants made critical, erroneous legal decisions that led to the complete victory by the opposing parties in that litigation over the plaintiffs, including but not limited to, the failure to sustain a prejudgment remedy in the Connecticut federal breach of fiduciary duty case in federal docket no. cv11-

2015(SRU) and acquiescing to the posting of a $1,000,000 bond by the defendants in that case where the claim was worth and defendants APS and Gilleran had promised the claim was worth far more.

14.   The defendants made critical, erroneous legal decisions in the conduct of litigation including but not limited to the advice of removing a member of the Board of Directors from Trikona Advisers Limited without affording that Director either Notice or the right to be present at a corporate meeting of Trikona; the decision to require Asia Pacific to defend the Trikona wind-up proceeding in the Cayman Islands brought by ARC Capital and Haida Investments against Asia Pacific which decision resulted in a complete defeat for plaintiff Asia Pacific and resulting litigation against plaintiff Kalra and Trikona as well as Asia Pacific.

15.   The defendants erroneously required plaintiff Kalra to travel to the Cayman Islands when he was under a physician's care and required Asia Pacific to appear as a party and defend on the merits in the Trikona wind-up proceeding in Cayman.

16.  The defendants' decision to require the plaintiff Asia Pacific to actively and substantively defend against the wind-up proceeding of Trikona in Cayman constituted an unreasonable risk in having the Cayman judgment enter against Asia

Pacific causing the complete loss of pending Connecticut state and federal litigation brought by plaintiffs Asia Pacific and Trikona against the opposing parties on grounds of collateral estoppel, issue preclusion and the granting of comity.

17. The defendants' erroneous decision to raise a jurisdictional defense in behalf of Asia Pacific which defense was eventually defeated laid the groundwork for a claim by the opposing parties of collateral estoppel and the granting of comity by United States federal and state courts for issues of fact adversely decided against the plaintiffs by the Grand Court of Cayman.

18. The defendants erroneously and falsely represented to the plaintiffs throughout the Connecticut and Cayman litigation that Chapter 15 of the United States Bankruptcy Code was an absolute bar to the granting of recognition and comity by U.S. courts to the factual findings of the Grand Court of Cayman; and that in the absence of recognition of the Cayman judgment by a United States Bankruptcy Court there could be no adverse U.S. consequence to the plaintiffs in the ongoing litigation in the federal and state courts for the district and state of Connecticut.

## COUNT ONE - LEGAL MALPRACTICE

1-18.  The allegations set forth in paragraphs 1-18 are hereby realleged as if fully set forth as paragraphs 1-18 of this Count One.

19.  At all times relevant to the allegations in this Complaint, the plaintiffs, Kalra, Asia Pacific and Trikona had an attorney-client relationship with the defendants Adler Pollock & Sheehan, PC and Michael Gilleran.

20.  At all times relevant to the allegations in this Complaint, the defendants Adler Pollock & Sheehan, P.C. and Michael Gilleran did fail to render professional services exercising that degree of skill and learning that should have been applied by a prudent reputable member of the profession under all the circumstances in the community and in the field of law for which defendants were retained and represented plaintiffs Kalra, Asia Pacific and Trikona.

21.  The malpractice committed by defendants Adler, Pollock & Sheehan PC and Gilleran was the causation in fact and the proximate cause of the damages suffered by the plaintiffs in the following respects in addition to those set forth above in the incorporated paragraphs 1-18.

a)  Plaintiffs have suffered the loss of $2.5 million in legal fees paid to the defendants;

b)  Plaintiffs have lost their affirmative claims against the opposing parties which defendants represented to plaintiffs were worth tens of millions of dollars.

c)  Plaintiffs are exposed to potential liability and damages to the opposing parties in and arising out of litigation in which defendants represented plaintiffs.

## COUNT TWO -BREACH OF FIDUCIARY DUTY

22-40. The allegations set forth in paragraphs 1-18 are hereby realleged as if fully set forth as paragraphs 22-40 of this Count Two.

41. The defendants Adler Pollock and Sheehan PC and Michael Gilleran did have a fiduciary relationship with plaintiffs Kalra, Asia Pacific and Trikona and did owe the plaintiffs a duty of loyalty.

42.  The defendants breached the fiduciary duty they owed to the plaintiffs by charging exorbitant fees, churning hours needlessly, falsely representing that they had expertise in areas of the law involving Connecticut state and federal litigation, the law of the Cayman Islands, international bankruptcy, Chapter 15 of the U.S. Bankruptcy Code, the law of comity and collateral estoppel all of which was done by the defendants to exploit and subordinate the legal and financial interests of plaintiffs to the financial interests of the defendants.

43. As a result, plaintiffs have suffered and will continue to suffer great financial losses.

## COUNT THREE - INTENTIONAL MISREPRESENTATION

44-61.  The allegations set forth in paragraphs 1-18 are hereby realleged as if fully set forth as paragraphs 44-62 of this Count Three.

63.     The defendants' affirmative representations to plaintiffs were made as statements of fact and promises; were untrue and known to be untrue by defendants APS and Gilleran when made; were made to induce the plaintiffs to act on those representations and plaintiffs did so act to their past, present and future injury and have been damaged and suffered losses in excess of $2.5 million to date.

## COUNT FOUR - BREACH OF AGREEMENT

64-82.  The allegations set forth in paragraphs 1-18 are hereby realleged as if fully set forth as paragraphs 64-82 of this Count Four.

83.     Commencing in the fall of 2011 the defendants APS and Gilleran entered into written and oral agreements with the plaintiffs in which defendants agreed to provide professionally competent legal services and representation to plaintiffs in litigation in the United States District Court of Connecticut, the Superior Court of Connecticut, New York federal and state courts, the Grand Court

12

of Cayman, the Cayman Islands Court of Appeals (both defendants) and the initial proceedings in the US Court of Appeals for the Second Circuit (Gilleran) which they failed to do.

84.     As set for specifically in paragraphs 1-18 above, the defendants breached the agreements made with the plaintiffs to provide professionally competent legal services and representation causing the plaintiffs to lose at least $2.5 million and to be exposed to the potential costs and liabilities set forth above to opposing parties.

## COUNT FIVE – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

85-103. The allegations set forth in paragraphs 1-18 are hereby realleged as if fully set forth as paragraphs 85-103 of this Count Five.

104.     Commencing in the fall of 2011 the defendants APS and Gilleran entered into written and oral agreements with the plaintiffs in which defendants agreed to provide professionally competent legal services and representation to plaintiffs in litigation in the United States District Court of Connecticut, the Superior Court of Connecticut, New York federal and state courts, the Grand Court of Cayman, the Cayman Islands Court of Appeals (both defendants) and the initial

proceedings in the US Court of Appeals for the Second Circuit (Gilleran) which they failed to do.

105.   As set for specifically in paragraphs 1-18 above, the defendants breached the agreements made with the plaintiffs to provide professionally competent legal services and representation causing the plaintiffs to lose $2.5 million and to be exposed to the potential liabilities set forth above to opposing parties.

106.   In breaching the agreements with the plaintiffs to render competent professional legal services and representation, the defendants also breached the covenant and obligation of good faith and fair dealing defendants owed to the plaintiffs the breach of which has caused and will continue to cause the plaintiffs large financial losses of at least $2.5 million.

## COUNT SIX – VIOLATION OF CUTPA

107-210.   The allegations set forth in paragraphs 1-106 are hereby realleged as if fully set forth as paragraphs 107-210 of this Count Five.

211. The defendants APS and Gilleran engaged in unfair and deceptive acts and practices in the conduct of trade or commerce that has and continues to cause

14

the plaintiffs to sustain ascertainable losses of at least $2.5 million in violation of the Connecticut Unfair Trade Practices Act; C.G.S §42-110b et. seq.

## PRAYER FOR RELIEF

Plaintiffs claim:

### As to Counts One through Five:

1.  Compensatory damages of at least $2.5 million for any and all losses suffered by plaintiffs from any past, present or future litigation described or referred to in this complaint;

2.  Restitution of legal fees and costs paid by plaintiffs to defendants of at least $2.5 million; and

3.  Such other and further relief that the Court deems proper.

### As to Count Six (CUTPA):

1.  Compensatory damages;

2.  Punitive damages pursuant to §42-110g;

3.  Attorneys fees and costs of this Action pursuant to §42-110g; and

4.  Such other and further relief whether at law or in equity as the Court deems proper.

THE PLAINTIFFS, AASHISH KALRA,
ASIA PACIFIC VENTURES, LTD.,
TRIKONA ADVISERS, LIMITED,


BY _____

ANDREW B. BOWMAN
Juris No: 101507
1804 Post Road East
Westport, CT 06880
(203) 259-0599
(203) 255-2570 (Fax)
e-mail:andrew@ andrewbowmanlaw.com

RETURN DATE: February 27, 2018    :    SUPERIOR COURT

AASHISH KALRA, ASIA
PACIFIC VENTURES, LTD.,
TRIKONA ADVISERS,
LIMITED,                          :    J.D. OF FAIRFIELD

          Plaintiffs,              :

VS                                  :    AT BRIDGEPORT

ADLER POLLOCK & SHEEHAN
P.C. AND MICHAEL GILLERAN,     :

          Defendants.          :    JANUARY 11, 2018

## <u>STATEMENT OF AMOUNT IN DEMAND</u>

The amount, legal interest or property in demand is in excess of FIFTEEN

THOUSAND ($15,000.00) DOLLARS, exclusive of interest and costs.

THE PLAINTIFFS, AASHISH KALRA,
ASIA PACIFIC VENTURES, LTD.,
TRIKONA ADVISERS, LIMITED,

BY _____

ANDREW B. BOWMAN
Juris No: 101507
1804 Post Road East
Westport, CT 06880
(203) 259-0599
(203) 255-2570 (Fax)
e-mail:andrew@ andrewbowmanlaw.com