UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AASHISH KALRA,<br>ASIA PACIFIC VENTURES, LTD.,<br>TRIKONA ADVISERS LIMITED,<br><br>    Plaintiffs,<br><br>vs.<br><br>ADLER POLLOCK & SHEEHAN, P.C.,<br>MICHAEL GILLERAN,<br><br>    Defendants. | :<br>:<br>:<br>:  CASE NO: 3:18-cv-00260 (MPS)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## DECLARATION OF TIMOTHY A. DIEMAND

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. I am a partner with the firm of Wiggin and Dana LLP in Hartford, Connecticut, counsel for Adler Pollock & Sheehan, P.C. and Michael Gilleran ("Defendants") in the above-captioned matter. The facts set forth herein are based upon my personal knowledge and my review of documents that were obtained in the course of this litigation. This declaration will serve to verify Defendants' compliance with Local Rule of Civil Procedure 37 prior to filing the accompanying emergency Motion to Compel.

2. As detailed in the accompanying Motion to Compel, Plaintiffs Aashish Karla ("Kalra"), Asia Pacific Ventures, Ltd. ("Asia Pacific"), and Trikona Advisers Ltd. ("Trikona") served their damages analysis on January 31, 2019. A true and correct copy is attached hereto as Exhibit A.

3. Defendants served interrogatories and requests for production of documents upon Plaintiffs in April 2019. True and correct copies are attached hereto as Exhibit B (served upon

Kalra), Exhibit C (served upon Asia Pacific), and Exhibit D (served upon Trikona).

4. Since then, I have made multiple good faith efforts to work with Plaintiffs' counsel to resolve the discovery issues raised by this motion without the intervention of the Court, but I have been unable to do so. These efforts include:

    a. I agreed to jointly seek an extension of the discovery schedule in May 2019. The Court granted that motion and ordered: "Plaintiffs' response to Defendants' 4/24/2019 propounded discovery requests due by 6/28/2019." A true and correct copy of the docket sheet in this case is attached hereto as Exhibit E.

    b. Plaintiffs did not provide responses by the Court-ordered deadline. Instead, on June 27, 2019, Plaintiffs' counsel sent me an e-mail stating: "we won't have the responses to your discovery on June 30, 2019. I'll be away from June 30 through July 10. I'll let you know timing after I get back." A true and correct copy of this e-mail is attached hereto as Exhibit F.

    c. Plaintiffs did not provide discovery responses in July, August or September of 2019.

    d. At the end of September 2019, I agreed to not to oppose another motion for an extension of the discovery schedule provided Plaintiffs agree not to (belatedly) object to our discovery requests and to respond in full by October 31, 2019.

    e. The Court granted that motion and ordered "Plaintiffs' Response to Defendants' discovery served in April 2019 shall be due by October 31, 2019." *See* Ex. E.

    f. On October 31, 2019, Plaintiffs did not provide responses to Defendants' interrogatories. While Plaintiffs did produce approximately 30,000 pages of documents, many of those documents are useless, including hundreds of e-mails

noting "your message was delivered" and numerous e-mails in which the body of the e-mail is blank (which contain no indication as to whether they have been redacted or the message simply was cut off by Plaintiffs' document collection system). True and correct copies of examples of these documents are attached as Exhibit G.

5.  As of the date of this filing, counsel for Plaintiffs have not provided responses to the interrogatories served in April 2019. Plaintiffs have also not provided complete responses to Defendants' discovery requests for the production of documents.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 18, 2019

_____
Timothy A. Diemand

24809\1\4842-7865-0284.v3