# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

AASHISH KALRA,                              :
ASIA PACIFIC VENTURES, LTD.,
TRIKONA ADVISERS                            :
LIMITED,

       Plaintiffs,                       :          CASE NO: 18-CV-00260(KAD)

VS.                                         :

ADLER POLLOCK & SHEEHAN,                    :
P.C., MICHAEL GILLERAN,

       Defendants.                        :          January 31, 2019

## <u>PLAINTIFFS' DAMAGES ANALYSIS</u>

Plaintiffs are claiming the following damages:

   1. **<u>Economic Damages</u>**.

   (a) Legal Fees paid by plaintiffs to Adler Pollock & Sheehan;

                                                        Not less than $1,947,750.00

   (b) The 2013 Costs Order issued by Justice Jones of the Grand Court of Cayman and Default Costs Certificate including interest issued against Asia Pacific and potentially against Kalra;                     Not less than $1,200,000.00

   (c) Loss of the Value of Trikona Advisers Limited including but not limited to specific assets;                               Not less than  $50,000,000.00

(d) Asia Pacific's loss of the value of Trikona Advisers Limited equal to 50% of Trikona's value including but not limited to specific assets;        Not less than $25,000,000.00

(e) Kalra's loss of the value of Asia Pacific;        Not less than $25,000,000.00

(f) Kalra's lost opportunity for an increase in capital;        Not less than $3,066,333.00

(g) Kalra's lost opportunity cost for other investments;        Not less than $15,000,000.00

2. **Non-Economic Compensatory Damages**.  Emotional injury and distress, pain and suffering, humiliation and embarrassment;        Not less than $3,000,000.00

3. **Punitive Damages**.        Amount to be determined

4. **Attorney's Fees and Costs**.        Amount to be determined.

THE PLAINTIFFS, AASHISH KALRA,
ASIA PACIFIC VENTURES LTD., and
TRIKONA ADVISERS LIMITED

BY_/s/ Andrew B. Bowman
   ANDREW B. BOWMAN
   Fed. Bar No: ct00122
   1804 Post Road East
   Westport, CT 06880
   (203) 259-0599
   (203) 255-2570 (Fax)
   e-mail: andrew@andrewbowmanlaw.com

## **CERTIFICATION**

This is to certify that on this 31st day of January 2019, a copy of the foregoing Plaintiffs' Damages Analysis was e-mailed to:

Kim E. Rinehart, Esq.
Timothy A. Diemond, Esq.
David R. Roth, Esq.
William H. Prout, Jr., Esq.
Wiggin and Dana LLP
One Century Tower
265 Church St., P.O. Box 1832
New Haven, CT 06508-1832
krinehart@wiggin.com
tdiemond@wiggin.com
droth@wiggin.com
wprout@wiggin.com

/s/ Andrew B. Bowman          .
ANDREW B. BOWMAN

EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AASHISH KALRA, | : | |
| ASIA PACIFIC VENTURES, LTD., | : | |
| TRIKONA ADVISERS LIMITED, | : | |
| | : | CASE NO 3:18-cv-00260-KAD |
| Plaintiffs | : | |
| | : | |
| vs. | : | |
| | : | |
| ADLER POLLOCK & SHEEHAN, P.C., | : | |
| MICHAEL GILLERAN, | : | |
| | : | |
| Defendants. | : | APRIL 24, 2019 |

**DEFENDANTS' FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION DIRECTED TO AASHISH KALRA**

Pursuant to Federal Rules of Civil Procedure 33 and 34, and Local Rule 26, Defendants hereby requests that Plaintiff answer the following Interrogatories under oath within thirty (30) days hereof, and produce the following documents at the offices of Wiggin and Dana LLP, 265 Church Street, New Haven, Connecticut 06510, within thirty (30) days hereof.

**INSTRUCTIONS AND DEFINITIONS**

1.      If you object to any portion of an Interrogatory or Request for Production, please provide all information, and produce all documents, called for in that portion of the Interrogatory or Request for Production to which you do not object. For example, if you object to any portion of an Interrogatory or Request for Production on the ground that it is too broad, please provide such information, and produce such documents, as are concededly relevant. If you object to any portion of an Interrogatory or Request for Production on the ground that to provide the information, or to produce the documents requested, would constitute an undue burden, please provide such information, and produce such documents, as can be supplied without undertaking

an undue burden.  If you object to any portion of an Interrogatory or Request for Production on the ground that it seeks privileged information, please provide such information, and produce such documents, as are concededly non-privileged.

2.      For those portions of any Interrogatory or Request for Production to which you object, please identify, by number, the Interrogatory or Request for Production to which you object, and state the reason(s) for such objection.

3.      If you object to any portion of any Interrogatory or Request for Production on the grounds that it seeks privileged information, please provide in a privilege log in the form required by Local Rule 26(e).

4.      The definitions and rules of construction set forth in the Federal Rules of Civil Procedure and Local Rule 26 are hereby incorporated into these Interrogatories and Requests for Production.

5.      "Complaint" means Plaintiffs' June 5, 2018 Amended Complaint.

6.      Unless otherwise noted, the following definitions shall apply to these discovery requests:

      (a)      "Kalra," "You," "Your" or "Yours" means plaintiff Aashish Kalra.

      (b)      "Asia Pacific" means plaintiff Asia Pacific Ventures, Ltd.

      (c)      "Trikona" means plaintiff Trikona Advisors Limited.

      (d)      "Adler Pollock" means defendant Adler Pollock & Sheehan PC.

2

(e)    "Gilleran" means defendant Michael Gilleran.

(f)    "Chugh" means Rakshitt Chugh.

(g)    "ARC Capital" means ARC Capital LLC.

(h)    "Haida" means Haida Investments, Ltd.

## INTERROGATORIES

### Introduction

1.    From 2000 to the present, identify all of Your current and former attorneys or accountants.

2.    Identify any persons or entities who may have information concerning the allegations in the Complaint.

3.    Identify all persons whom You may call as a witness to testify at trial.

4.    Identify all expert witnesses whom You may call to testify at trial.

### Count One – Legal Malpractice

5.    Explain how you chose Adler Pollock and Gilleran to represent you in lawsuits against Chugh and related entities.

6.     Identify all facts supporting Your claim (Complaint ¶10) that Adler Pollock and Gilleran "fail[ed] to render professional services exercising that degree of skill and learning that should have been applied by a prudent reputable member of the profession under all circumstances in the community in the fields for law for which defendants were retained and represented Kalra, Asia Pacific and Trikona."

7.     Are you asserting claims in this lawsuit for any actions taken by Gilleran after he left the employ of Adler Pollock in or around January of 2015?   If Your answer is anything other than an unqualified no, identify all facts supporting your contention that any such claims were not released in connection with the Settlement Agreement entered in or around March 2017 among and between Kalra, Asia Pacific, Trikona, Gilleran and Burns & Levinson.

8.     Identify all facts supporting Your claim (Complaint ¶10(f)) that Defendants rendered opinions concerning the removal of Chugh as a Director of Trikona "to enable the defendants to be paid legal fees that vastly exceeded the ability of either Asia Pacific or Kalra to pay."

**Count Two – Breach of Fiduciary Duty**

9.     Identify all facts supporting Your claim (Complaint ¶14) that Adler Pollock and Gilleran "breached . . . their fiduciary duty to plaintiffs."

10.     Identify all facts supporting Your claim (Complaint ¶14(d)) that defendants "were guilty of self-dealing and conflict of interest when they subordinated the interests of plaintiffs to the pecuniary and financial interests of themselves."

11.     Identify all facts supporting Your claim (Complaint ¶14(e)) that defendants "charg[ed] exorbitant fees."

12.     Identify all facts supporting Your claim (Complaint ¶14(e)) that defendants "churn[ed] hours needlessly."

13.     Identify all facts supporting Your claim (Complaint ¶14(e)) that defendants made false representations "to exploit and subordinate the legal and financial interests of plaintiffs to the financial interests of defendants."

14.     Before March of 2015, did You, Asia Pacific or Trikona ever object to charges contained on any invoice submitted by Adler Pollock to You, Asia Pacific or Trikona?  If yes, for each invoice identify:

        (a)     the invoice number and date;

        (b)     the charges objected to;

        (c)     who the objections were made to; and

        (d)     the basis for the objections.

**Damages**

15.     Identify all facts supporting Plaintiffs' January 31, 2019 Damages Analysis.

16.     Identify how each figure contained in Plaintiffs' January 31, 2019 Damages Analysis was calculated.

17.     Have You sought treatment for any emotional injury You claim to have suffered as set forth in Your January 31, 2019 Damages Analysis?  If yes, provide the details of all such treatment (including the name of the service provider, the treatment received and the dates of such treatment).

18.     In connection with the legal fees paid to Adler Pollock as set forth in Plaintiffs' January 31, 2019 Damage Analysis, for each invoice paid, identify who paid the invoice.

## REQUESTS FOR PRODUCTION

1.     All documents concerning the allegation in the Complaint.

2.     All documents concerning Plaintiffs' January 31, 2019 Damage Analysis.

3.     All of Your tax returns (federal, state or foreign) from 2008 to the present.

4.     All medical records (or medical provider authorizations) regarding treatment You have received (or are currently receiving) related to the emotional distress You claim to have suffered as set forth in Plaintiffs' January 31, 2019 Damages Analysis.

5.      All financial records of Asia Pacific from 2008 to the present (including but not limited to audited or unaudited financial statements, profit and loss statements, statements of assets and statements of liabilities).

6.      All financial records of Trikona from 2008 to the present (including but not limited to audited or unaudited financial statements, profit and loss statements, statements of assets and statements of liabilities).

7.      All documents (including pleadings, correspondence, invoices, discovery requests and responses thereto) concerning the following lawsuits, including but not limited to correspondence between You and Marianne Li-Hsian Koh aka Marianne Koh aka Marianne Kalra:

    a.      ARC Capital LLC v. Asia Pacific Limited, Cause No. FSD 18 of 2012 (AJJ) (Cayman Islands Court of Justice)

    b.      Trikona Advisers Limited v. Chugh et al., 3:11-cv-2015 (D. Conn.)

    c.      ARC Capital LLC v. Asia Pacific Ventures Ltd. et al., 3:17-cv-00238 (D. Conn.)

    d.      Trikona Advisers Ltd. v. Kai-Lin Chuang, 3:15-CV-01189 (D. Conn.)

    e.      Trikona Advisers Ltd. v. Kai-Lin Chuang, 12-cv-3886 (E.D.N.Y.)

    f.      Trikona Advisers Ltd. v. Kai-Lin Chuang, 16-859 (2d Cir.)

    g.      Trikona Advisers Ltd. v. Haida Investments Ltd. et al., HHD-CV-126030347-S (Conn. Sup. Ct.)

    h.      ARC Capital, LLC vs. Aashish Kalra, 0652931/2012 (N.Y. Sup.)

    i.      Rakshitt Chugh v. Aashish Kalra, 0650007/2013 (N.Y. Sup.)

    j.      Chugh et al. v. Kalra et al., HHD-CV-14-6047993-S (Conn. Sup. Ct.)

    k.      ARC Capital, LLC v. Asia Pacific Ltd. et al., X03-HHD-CV15-5040236-S (Conn. Sup. Ct.)

l.  <u>ARC Capital, LLC v. Asia Pacific Ltd. et al.</u>, No. A.C. 39319 (Ct. App.)

m.  <u>Trikona Advisers Ltd. v. Haida Investments Ltd. et al.</u>, S.C. 19439 (Conn.)

8.  All documents concerning Your ownership interest in Asia Pacific from 2000 to the present, including all documents concerning the value of any such ownership interest.

9.  All documents concerning Your ownership interest in Trikona from 2000 to the present, including all documents concerning the value of any such ownership interest.

10.  All correspondence and documents between You, Saurabh Killa, and/or Ravindra Chitnis from 2008 to the present, including, but not limited to, e-mails, text messages, voicemails, and records of phone calls.

11.  All documents related to your engagement of Adler Pollock and Gilleran in connection with potential litigation against Chugh and related entities.

12.  All documents regarding your search for counsel to represent you, Asia Pacific, or Trikona in connection with litigation against Chugh and related entities.

13.  All documents regarding the removal of Chugh from the board of directors of Trikona, including but not limited to, communications with other board members regarding the removal of Chugh.

14.     All documents regarding payments made by Trikona to any director of Trikona from 2011 to the present.

15.     All documents regarding the legal status of Trikona.

16.     All documents regarding the appointment of liquidators in the Cayman Islands for Trikona.

17.     All documents regarding actions taken by liquidators in the Cayman Islands regarding the winding-up of Trikona.

18.     All documents regarding efforts by You to negotiate with Chugh regarding the division of Trikona from 2009 to the present.

19.     All documents used to respond to the above Interrogatories.

20.     All documents (including all correspondence or cover letters) sent by Plaintiffs, their attorneys or agents to any person concerning the allegations in the Complaint.

21.     All documents showing the source of funds used to pay the invoices of Adler Pollock as set forth in Plaintiffs' January 31, 2019 Damages Analysis.

Respectfully submitted,

Dated: April 24, 2019

/s/ Kim Rinehart
Kim E. Rinehart (ct24427)
Timothy A. Diemand  (ct18075)
William H. Prout, Jr. (ct05494)
David R. Roth (ct29876)
Wiggin and Dana LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, Connecticut 06508-1832
Tel.: (203) 498-4377
Fax: (203) 782-2889
krinehart@wiggin.com
tdiemand@wiggin.com
wprout@wiggin.com
droth@wiggin.com

*Attorneys for Adler Pollock & Sheehan,
P.C. and Michael Gilleran*

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2019, a copy of the foregoing was served by e-mail on

the following counsel of record, with copy by mail:

**Andrew B. Bowman**
Law Offices of Andrew Bowman
1804 Post Road, East
Westport, CT 06880
203-259-0599
Email: andrew@andrewbowmanlaw.com

/s/ Kim Rinehart
Kim E. Rinehart (ct24427)

11

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AASHISH KALRA, | : | |
| ASIA PACIFIC VENTURES, LTD., | : | |
| TRIKONA ADVISERS LIMITED, | : | |
| | : | CASE NO 3:18-cv-00260-KAD |
| Plaintiffs | : | |
| | : | |
| vs. | : | |
| | : | |
| ADLER POLLOCK & SHEEHAN, P.C., | : | |
| MICHAEL GILLERAN, | : | |
| | : | |
| Defendants. | : | April 24, 2019 |
| | : | |

## DEFENDANTS' FIRST SET OF INTERROGATORIES
## AND REQUESTS FOR PRODUCTION DIRECTED TO ASIA PACIFIC

Pursuant to Federal Rules of Civil Procedure 33 and 34, and Local Rule 26, Defendants hereby requests that Plaintiff answer the following Interrogatories under oath within thirty (30) days hereof, and produce the following documents at the offices of Wiggin and Dana LLP, 265 Church Street, New Haven, Connecticut 06510, within thirty (30) days hereof.

## INSTRUCTIONS AND DEFINITIONS

1.      If you object to any portion of an Interrogatory or Request for Production, please provide all information, and produce all documents, called for in that portion of the Interrogatory or Request for Production to which you do not object. For example, if you object to any portion of an Interrogatory or Request for Production on the ground that it is too broad, please provide such information, and produce such documents, as are concededly relevant. If you object to any portion of an Interrogatory or Request for Production on the ground that to provide the information, or to produce the documents requested, would constitute an undue burden, please provide such information, and produce such documents, as can be supplied without undertaking

an undue burden.  If you object to any portion of an Interrogatory or Request for Production on the ground that it seeks privileged information, please provide such information, and produce such documents, as are concededly non-privileged.

2.     For those portions of any Interrogatory or Request for Production to which you object, please identify, by number, the Interrogatory or Request for Production to which you object, and state the reason(s) for such objection.

3.     If you object to any portion of any Interrogatory or Request for Production on the grounds that it seeks privileged information, please provide in a privilege log in the form required by Local Rule 26(e).

4.     The definitions and rules of construction set forth in the Federal Rules of Civil Procedure and Local Rule 26 are hereby incorporated into these Interrogatories and Requests for Production.

5.     "Complaint" means Plaintiffs' June 5, 2018 Amended Complaint.

6.     Unless otherwise noted, the following definitions shall apply to these discovery requests:

      (a)     "Kalra" means plaintiff Aashish Kalra.

      (b)     "Asia Pacific," "You," "Your," or "Yours" means plaintiff Asia Pacific Ventures, Ltd.

      (c)     "Trikona" means plaintiff Trikona Advisors Limited.

2

(d)      "Adler Pollock" means defendant Adler Pollock & Sheehan PC.

(e)      "Gilleran" means defendant Michael Gilleran.

(f)      "Chugh" means Rakshitt Chugh.

(g)      "ARC Capital" means ARC Capital LLC.

(h)      "Haida" means Haida Investments, Ltd.


## INTERROGATORIES

### Introduction

1.      Identify the board resolution or other action by which Asia Pacific ratified the filing of this suit.


2.      From 2000 to the present, identify all current and former officers, directors, employees or agents (including attorneys, accountants, auditors or advisors) of Asia Pacific.


3.      From 2000 to the present, identify all of Your current and former attorneys or accountants.


4.      Identify any persons or entities who may have information concerning the allegations in the Complaint.


5.      Identify all persons whom You may call as a witness to testify at trial.


6.      Identify all expert witnesses whom You may call to testify at trial.

**Count One – Legal Malpractice**

7.      Identify the board resolution or other action by which Asia Pacific retained Adler Pollock and Gilleran to represent it in connection with litigation against Chugh and related entities.


8.      Identify all facts supporting Your claim (Complaint ¶10) that Adler Pollock and Gilleran "fail[ed] to render professional services exercising that degree of skill and learning that should have been applied by a prudent reputable member of the profession under all circumstances in the community in the fields for law for which defendants were retained and represented Kalra, Asia Pacific and Trikona."


9.      Are you asserting claims in this lawsuit for any actions taken by Gilleran after he left the employ of Adler Pollock in or around January of 2015?   If Your answer is anything other than an unqualified no, identify all facts supporting your contention that any such claims were not released in connection with the Settlement Agreement entered into on or around March 2017 among and between Kalra, Asia Pacific, Trikona, Gilleran and Burns & Levinson.


10.      Identify all facts supporting Your claim (Complaint ¶10(f)) that Defendants rendered opinions concerning the removal of Chugh as a Director of Trikona "to enable the defendants to be paid legal fees that vastly exceeded the ability of either Asia Pacific or Kalra to pay."

**Count Two – Breach of Fiduciary Duty**

11.     Identify all facts supporting Your claim (Complaint ¶14) that Adler Pollock and Gilleran "breached . . . their fiduciary duty to plaintiffs."

12.     Identify all facts supporting Your claim (Complaint ¶14(d)) that defendants "were guilty of self-dealing and conflict of interest when they subordinated the interests of plaintiffs to the pecuniary and financial interests of themselves."

13.     Identify all facts supporting Your claim (Complaint ¶14(e)) that defendants "charg[ed] exorbitant fees."

14.     Identify all facts supporting Your claim (Complaint ¶14(e)) that defendants "churn[ed] hours needlessly."

15.     Identify all facts supporting Your claim (Complaint ¶14(e)) that defendants made false representations "to exploit and subordinate the legal and financial interests of plaintiffs to the financial interests of defendants."

16.     Before March of 2015, did You, Kalra or Trikona ever object to charges contained on any invoice submitted by Adler Pollock to You, Kalra or Trikona?  If yes, for each invoice identify:

        (a)     the invoice number and date;

        (b)     the charges objected to;

        (c)     who the objections were made to; and

(d)      the basis for the objections.

**Damages**

17.      What was the value of Asia Pacific's 50% ownership in Trikona as of January

2012?

18.      Identify all facts supporting Plaintiffs' January 31, 2019 Damages Analysis.

19.      Identify how each figure contained in Plaintiffs' January 31, 2019 Damages

Analysis was calculated.

20.      In connection with the legal fees paid to Adler Pollock as set forth in Plaintiffs'

January 31, 2019 Damages Analysis, for each invoice paid, identify who paid the invoice.

## REQUESTS FOR PRODUCTION

1.      All documents concerning the allegations in the Complaint.

2.      All documents concerning Plaintiffs' January 31, 2019 Damages Analysis.

3.      All of Your tax returns (federal, state or foreign) from 2008 to the present.

4.      All documents regarding the formation and corporate structure of Asia Pacific.

5.   All financial records of Asia Pacific from 2008 to the present (including but not limited to audited or unaudited financial statements, profit and loss statements, statements of assets and statements of liabilities).

6.   Documents sufficient to show all board members of Asia Pacific from 2008 to the present.

7.   Documents sufficient to show the corporate structure and organization of Asia Pacific from 2008 to the present, such as organizational charts.

8.   All documents regarding Asia Pacific's decision to bring and participate in litigation against Chugh and related entities.

9.   All financial records received from Trikona from 2008 to the present (including but not limited to audited or unaudited financial statements, profit and loss statements, statements of assets and statements of liabilities).

10.   All documents (including pleadings, correspondence, invoices, discovery requests and responses thereto) concerning the following lawsuits:

    a.   <u>ARC Capital LLC v. Asia Pacific Limited</u>, Cause No. FSD 18 of 2012 (AJJ) (Cayman Islands Court of Justice)

    b.   <u>Trikona Advisers Limited v. Chugh et al.</u>, 3:11-cv-2015 (D. Conn.)

    c.   <u>ARC Capital LLC v. Asia Pacific Ventures Ltd. et al.</u>, 3:17-cv-00238 (D. Conn.)

    d.   <u>Trikona Advisers Ltd. v. Kai-Lin Chuang</u>, 3:15-CV-01189 (D. Conn.)

    e.   <u>Trikona Advisers Ltd. v. Kai-Lin Chuang</u>, 12-cv-3886 (E.D.N.Y.)

      f.       <u>Trikona Advisers Ltd. v. Kai-Lin Chuang</u>, 16-859 (2d Cir.)

      g.      <u>Trikona Advisers Ltd. v. Haida Investments Ltd. et al.</u>, HHD-CV-126030347-S (Conn. Sup. Ct.)

      h.      <u>ARC Capital, LLC vs. Aashish Kalra</u>, 0652931/2012 (N.Y. Sup.)

      i.       <u>Rakshitt Chugh v. Aashish Kalra</u>, 0650007/2013 (N.Y. Sup.)

      j.       <u>Chugh et al. v. Kalra et al.</u>, HHD-CV-14-6047993-S (Conn. Sup. Ct.)

      k.      <u>ARC Capital, LLC v. Asia Pacific Ltd. et al.</u>, X03-HHD-CV15-5040236-S (Conn. Sup. Ct.)

      l.       <u>ARC Capital, LLC v. Asia Pacific Ltd. et al.</u>, No. A.C. 39319 (Ct. App.)

      m.     <u>Trikona Advisers Ltd. v. Haida Investments Ltd. et al.</u>, S.C. 19439 (Conn.)

11.     All documents concerning the ownership of Asia Pacific from 2000 to the present, including all documents concerning the value of any ownership interests.

12.     All documents concerning Your ownership interest in Trikona from 2000 to the present, including all documents concerning the value of any such ownership interest.

13.     All documents used to respond to the above Interrogatories.

14.     All documents (including all correspondence or cover letters) sent by Plaintiffs, their attorneys or agents to any person concerning the allegations in the Complaint.

15.     All documents showing the source of funds used to pay the invoices of Adler Pollock as set forth in Plaintiffs' January 31, 2019 Damages Analysis.

Respectfully submitted,

Dated: April 24, 2019

/s/ Kim Rinehart
Kim E. Rinehart (ct24427)
Timothy A. Diemand  (ct18075)
William H. Prout, Jr. (ct05494)
David R. Roth (ct29876)
Wiggin and Dana LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, Connecticut 06508-1832
Tel.: (203) 498-4377
Fax: (203) 782-2889
krinehart@wiggin.com
tdiemand@wiggin.com
wprout@wiggin.com
droth@wiggin.com

*Attorneys for Adler Pollock & Sheehan,
P.C. and Michael Gilleran*

9

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2019, a copy of the foregoing was served by e-mail on

the following counsel of record, with copy by mail:

**Andrew B. Bowman**
Law Offices of Andrew Bowman
1804 Post Road, East
Westport, CT 06880
203-259-0599
Email: andrew@andrewbowmanlaw.com

/s/ Kim Rinehart
Kim E. Rinehart (ct24427)

10

# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AASHISH KALRA, | : | |
| ASIA PACIFIC VENTURES, LTD., | : | |
| TRIKONA ADVISERS LIMITED, | : | |
| | : | CASE NO 3:18-cv-00260-KAD |
| Plaintiffs | : | |
| | : | |
| vs. | : | |
| | : | |
| ADLER POLLOCK & SHEEHAN, P.C., | : | |
| MICHAEL GILLERAN, | : | |
| | : | |
| Defendants. | : | APRIL 24, 2019 |
| | : | |

### DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION DIRECTED TO TRIKONA ADVISERS LIMITED

Pursuant to Federal Rules of Civil Procedure 33 and 34, and Local Rule 26, Defendants hereby requests that Plaintiff answer the following Interrogatories under oath within thirty (30) days hereof, and produce the following documents at the offices of Wiggin and Dana LLP, 265 Church Street, New Haven, Connecticut 06510, within thirty (30) days hereof.

### INSTRUCTIONS AND DEFINITIONS

1.      If you object to any portion of an Interrogatory or Request for Production, please provide all information, and produce all documents, called for in that portion of the Interrogatory or Request for Production to which you do not object. For example, if you object to any portion of an Interrogatory or Request for Production on the ground that it is too broad, please provide such information, and produce such documents, as are concededly relevant. If you object to any portion of an Interrogatory or Request for Production on the ground that to provide the information, or to produce the documents requested, would constitute an undue burden, please provide such information, and produce such documents, as can be supplied without undertaking

an undue burden.  If you object to any portion of an Interrogatory or Request for Production on the ground that it seeks privileged information, please provide such information, and produce such documents, as are concededly non-privileged.

2.      For those portions of any Interrogatory or Request for Production to which you object, please identify, by number, the Interrogatory or Request for Production to which you object, and state the reason(s) for such objection.

3.      If you object to any portion of any Interrogatory or Request for Production on the grounds that it seeks privileged information, please provide in a privilege log in the form required by Local Rule 26(e).

4.      The definitions and rules of construction set forth in the Federal Rules of Civil Procedure and Local Rule 26 are hereby incorporated into these Interrogatories and Requests for Production.

5.      "Complaint" means Plaintiffs' June 5, 2018 Amended Complaint.

6.      Unless otherwise noted, the following definitions shall apply to these discovery requests:

        (a)      "Kalra" means plaintiff Aashish Kalra.

        (b)      "Asia Pacific" means plaintiff Asia Pacific Ventures, Ltd.

        (c)      "Trikona," "You," "Your," or "Yours" means plaintiff Trikona Advisors Limited.

(d)     "Adler Pollock" means defendant Adler Pollock & Sheehan PC.

(e)     "Gilleran" means defendant Michael Gilleran.

(f)     "Chugh" means Rakshitt Chugh.

(g)     "ARC Capital" means ARC Capital LLC.

(h)     "Haida" means Haida Investments, Ltd.

## INTERROGATORIES

### Introduction

1.     From 2000 to the present, identify all current and former officers, directors, employees or agents (including attorneys, accountants, auditors or advisors) of Trikona.

2.     From 2000 to the present, identify all of Your current and former attorneys or accountants.

3.     Identify any persons or entities who may have information concerning the allegations in the Complaint.

4.     Identify all persons whom You may call as a witness to testify at trial.

5.     Identify all expert witnesses whom You may call to testify at trial.

6.     Identify all board resolutions or other actions by which Trikona approved its bringing and participating in this suit in its own name.

7.   Where is Trikona currently incorporated?

8.   What is the current legal status of Trikona in any jurisdiction where it is or was incorporated?

9.   Identify all business or other activities in which Trikona has been engaged since 2017 to the present.

## Count One – Legal Malpractice

10.   Identify all facts supporting Your claim (Complaint ¶10) that Adler Pollock and Gilleran "fail[ed] to render professional services exercising that degree of skill and learning that should have been applied by a prudent reputable member of the profession under all circumstances in the community in the fields for law for which defendants were retained and represented Kalra, Asia Pacific and Trikona."

11.   Are you asserting claims in this lawsuit for any actions taken by Gilleran after he left the employ of Adler Pollock in or around January of 2015? If Your answer is anything other than an unqualified no, identify all facts supporting your contention that any such claims were not released in connection with the Settlement Agreement entered into on or around March 2017 among and between Kalra, Asia Pacific, Trikona, Gilleran and Burns & Levinson.

4

12.     Identify all facts supporting Your claim (Complaint ¶10(f)) that Defendants rendered opinions concerning the removal of Chugh as a Director of Trikona "to enable the defendants to be paid legal fees that vastly exceeded the ability of either Asia Pacific or Kalra to pay."

## Count Two – Breach of Fiduciary Duty

13.     Identify all facts supporting Your claim (Complaint ¶14) that Adler Pollock and Gilleran "breached . . . their fiduciary duty to plaintiffs."

14.     Identify all facts supporting Your claim (Complaint ¶14(d)) that defendants "were guilty of self-dealing and conflict of interest when they subordinated the interests of plaintiffs to the pecuniary and financial interests of themselves."

15.     Identify all facts supporting Your claim (Complaint ¶14(e)) that defendants "charg[ed] exorbitant fees."

16.     Identify all facts supporting Your claim (Complaint ¶14(e)) that defendants "churn[ed] hours needlessly."

17.     Identify all facts supporting Your claim (Complaint ¶14(e)) that defendants made false representations "to exploit and subordinate the legal and financial interests of plaintiffs to the financial interests of defendants."

18.     Before March of 2015, did You, Asia Pacific or Kalra ever object to charges contained on any invoice submitted by Adler Pollock to You, Asia Pacific or Kalra?  If yes, for each invoice identify:

       (a)    the invoice number and date;

       (b)    the charges objected to;

       (c)    whom the objections were made to; and

       (d)    the basis for the objections.

**Damages**

19.     What was the value of Trikona as of January 2012?

20.     What were the assets of Trikona as of January 2012?

21.     What were the liabilities of Trikona as of January 2012?

22.     What is Trikona's value today?

23.     Identify any assets or liabilities of Trikona today.

24.     Identify all facts supporting Plaintiffs' January 31, 2019 Damages Analysis.

25.     Identify how each figure contained in Plaintiffs' January 31, 2019 Damage Analysis was calculated.

26.     In connection with the legal fees paid to Adler Pollock as set forth in Plaintiffs' January 31, 2019 Damage Analysis, for each invoice paid, identify who paid the invoice.

## REQUESTS FOR PRODUCTION

1.     All documents concerning the allegations in the Complaint.

2.     All documents concerning Plaintiffs' January 31, 2019 Damage Analysis.

3.     All of Your tax returns (federal, state or foreign) from 2008 to the present.

4.     All board resolutions of Trikona from 2011 to the present.

5.     All documents relating to the appointment of board members for Trikona from 2011 to the present.

6.     All documents regarding Trikona's incorporation and present legal status in the jurisdictions where it is or was incorporated.

7.     All documents regarding the legal authority of Trikona to bring this action in its own name.

8.    All documents concerning the appointment of liquidators for Trikona in the Cayman Islands pursuant to orders of the Cayman Island courts, including, but not limited to, in Cause No. FSD 18 of 2012 (AJJ).

9.    All documents related to the activities of the official liquidators.

10.    All financial records of Trikona from 2008 to the present (including but not limited to audited or unaudited financial statements, profit and loss statements, statements of assets and statements of liabilities).

11.    All documents (including pleadings, correspondence, invoices, discovery requests and responses thereto) concerning the following lawsuits:

a.    ARC Capital LLC v. Asia Pacific Limited, Cause No. FSD 18 of 2012 (AJJ) (Cayman Islands Court of Justice)

b.    Trikona Advisers Limited v. Chugh et al., 3:11-cv-2015 (D. Conn.)

c.    ARC Capital LLC v. Asia Pacific Ventures Ltd. et al., 3:17-cv-00238 (D. Conn.)

d.    Trikona Advisers Ltd. v. Kai-Lin Chuang, 3:15-CV-01189 (D. Conn.)

e.    Trikona Advisers Ltd. v. Kai-Lin Chuang, 12-cv-3886 (E.D.N.Y.)

f.    Trikona Advisers Ltd. v. Kai-Lin Chuang, 16-859 (2d Cir.)

g.    Trikona Advisers Ltd. v. Haida Investments Ltd. et al., HHD-CV-126030347-S (Conn. Sup. Ct.)

h.    ARC Capital, LLC vs. Aashish Kalra, 0652931/2012 (N.Y. Sup.)

i.    Rakshitt Chugh v. Aashish Kalra, 0650007/2013 (N.Y. Sup.)

j.    Chugh et al. v. Kalra et al., HHD-CV-14-6047993-S (Conn. Sup. Ct.)

k.    ARC Capital, LLC v. Asia Pacific Ltd. et al., X03-HHD-CV15-5040236-S (Conn. Sup. Ct.)

l.      <u>ARC Capital, LLC v. Asia Pacific Ltd. et al.</u>, No. A.C. 39319 (Ct. App.)

m.     <u>Trikona Advisers Ltd. v. Haida Investments Ltd. et al.</u>, S.C. 19439 (Conn.)

12.    All documents concerning Asia Pacific and/or Kalra's ownership interest in Trikona from 2000 to the present, including all documents concerning the value of any such ownership interest.

13.    All documents regarding any payments made by Trikona to Kalra or any other present or past member of the board of directors from 2009 to the present.

14.    All documents used to respond to the above Interrogatories.

15.    All documents (including all correspondence or cover letters) sent by Plaintiffs, their attorneys or agents to any person concerning the allegations in the Complaint.

16.    All documents showing the source of funds used to pay the invoices of Adler Pollock as set forth in Plaintiffs' January 31, 2019 Damages Analysis.

Respectfully submitted,

Dated: April 24, 2019

/s/ Kim Rinehart
Kim E. Rinehart (ct24427)
Timothy A. Diemand  (ct18075)
William H. Prout, Jr. (ct05494)
David R. Roth (ct29876)
Wiggin and Dana LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, Connecticut 06508-1832
Tel.: (203) 498-4377
Fax: (203) 782-2889
krinehart@wiggin.com
tdiemand@wiggin.com
wprout@wiggin.com
droth@wiggin.com

*Attorneys for Adler Pollock & Sheehan,
P.C. and Michael Gilleran*

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2019, a copy of the foregoing was served by e-mail on

the following counsel of record, with copy by mail:

**Andrew B. Bowman**
Law Offices of Andrew Bowman
1804 Post Road, East
Westport, CT 06880
203-259-0599
Email: andrew@andrewbowmanlaw.com

/s/ Kim Rinehart
Kim E. Rinehart (ct24427)

11

# EXHIBIT E

Query    Reports    Utilities    Help    Log Out

DFM,EFILE

# U.S. District Court
## District of Connecticut (New Haven)
## CIVIL DOCKET FOR CASE #: 3:18-cv-00260-KAD

Kalra et al v. Adler Pollock & Sheehan P.C. et al
Assigned to: Judge Kari A. Dooley
Cause: 28:1441 Petition for Removal- Contract Dispute

Date Filed: 02/12/2018
Jury Demand: Both
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**Aashish Kalra**       represented by   **Andrew B. Bowman**
Law Offices of Andrew Bowman
1804 Post Road, East
Westport, CT 06880
203-259-0599
Email: andrew@andrewbowmanlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Asia Pacific Ventures Limited**       represented by   **Andrew B. Bowman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Trikona Advisers Limited**       represented by   **Andrew B. Bowman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Adler Pollock & Sheehan P.C.**       represented by   **Benjamin H. Diessel**
Wiggin & Dana-NH
One Century Tower
265 Church Street P.O. Box 1832
New Haven, CT 06508-1832
203-498-4304
Fax: 203-782-2889
Email: bdiessel@wiggin.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ivana Deyrup Greco**
Wiggin & Dana-NH

One Century Tower
265 Church Street P.O. Box 1832
New Haven, CT 06508-1832
203-498-4455
Fax: 203-782-2889
Email: igreco@wiggin.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kim E. Rinehart**
Wiggin & Dana-NH
One Century Tower
265 Church Street P.O. Box 1832
New Haven, CT 06508-1832
203-498-4363
Fax: 203-782-2889
Email: krinehart@wiggin.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David R. Roth**
Wiggin & Dana-NH
One Century Tower
265 Church Street P.O. Box 1832
New Haven, CT 06508-1832
203-498-4394
Fax: 203-782-2889
Email: droth@wiggin.com
*ATTORNEY TO BE NOTICED*

**Timothy Andrew Diemand**
Wiggin & Dana-Htfd
20 Church St.
Hartford, CT 06103
860-297-3738
Fax: 860-525-9380
Email: tdiemand@wiggin.com
*ATTORNEY TO BE NOTICED*

**William H. Prout , Jr.**
Wiggin & Dana
One Century Tower
265 Church Street P.O. Box 1832
New Haven, CT 06508-1832
203-498-4400
Fax: 203-782-2889
Email: wprout@wiggin.com
*ATTORNEY TO BE NOTICED*

**Defendant**
**Michael Gilleran**                    represented by   **Benjamin H. Diessel**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Ivana Deyrup Greco**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kim E. Rinehart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David R. Roth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Timothy Andrew Diemand**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William H. Prout , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Adler Pollock & Sheehan P.C.**                    represented by    **Benjamin H. Diessel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kim E. Rinehart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David R. Roth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Timothy Andrew Diemand**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William H. Prout , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Michael Gilleran**                    represented by    **Benjamin H. Diessel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kim E. Rinehart**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David R. Roth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Timothy Andrew Diemand**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William H. Prout , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Asia Pacific Ventures Limited**              represented by **Andrew B. Bowman**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

**Counter Defendant**

**Aashish Kalra**                              represented by **Andrew B. Bowman**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

**Counter Defendant**

**Trikona Advisers Limited**                   represented by **Andrew B. Bowman**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/12/2018 | 1 | NOTICE OF REMOVAL by Adler Pollock & Sheehan P.C., Michael C Gilleran from Connecticut Superior Court J.D. to be determined, case number not available at this time. Filing fee $ 400 receipt number CCTDC-4716536, filed by Adler Pollock & Sheehan P.C., Michael C Gilleran.(Rinehart, Kim) (Entered: 02/12/2018) |
| 02/12/2018 | 2 | NOTICE by Adler Pollock & Sheehan P.C., Michael C Gilleran *[Notice of Pending Motions]* (Rinehart, Kim) (Entered: 02/12/2018) |
| 02/12/2018 | 3 | Corporate Disclosure Statement by Adler Pollock & Sheehan P.C., Michael C Gilleran. (Rinehart, Kim) (Entered: 02/12/2018) |
| 02/12/2018 | 4 | NOTICE of Appearance by Kim E. Rinehart on behalf of Adler Pollock & Sheehan P.C., Michael C Gilleran (Rinehart, Kim) (Entered: 02/12/2018) |
| 02/12/2018 | 5 | NOTICE of Appearance by Benjamin H. Diessel on behalf of Adler Pollock & Sheehan P.C., Michael C Gilleran (Diessel, Benjamin) (Entered: 02/12/2018) |

| | | |
|---|---|---|
| 02/12/2018 | | Judge Michael P. Shea added. (Anastasio, F.) (Entered: 02/13/2018) |
| 02/12/2018 | 7 | Order on Pretrial Deadlines: Motions to Dismiss due on 5/13/2018. Amended Pleadings due by 4/13/2018 Discovery due by 8/14/2018 Dispositive Motions due by 9/13/2018 Signed by Clerk on 2/13/2018.(Fanelle, Nicholas) (Entered: 02/13/2018) |
| 02/12/2018 | 8 | ELECTRONIC FILING ORDER - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER Signed by Judge Michael P. Shea on 2/12/2018.(Fanelle, Nicholas) (Entered: 02/13/2018) |
| 02/12/2018 | 9 | STANDING PROTECTIVE ORDER Signed by Judge Michael P. Shea on 5/12/2018.(Fanelle, Nicholas) (Entered: 02/13/2018) |
| 02/13/2018 | 6 | NOTICE of Appearance by William H. Prout, Jr on behalf of Adler Pollock & Sheehan P.C., Michael Gilleran (Prout, William) (Entered: 02/13/2018) |
| 02/13/2018 | 10 | NOTICE TO COUNSEL/SELF-REPRESENTED PARTIES : Counsel or self-representing parties initiating or removing this action are responsible for serving all parties with attached documents and copies of 9 Protective Order, 4 Notice of Appearance filed by Michael Gilleran, Adler Pollock & Sheehan P.C., 1 Notice of Removal, filed by Michael Gilleran, Adler Pollock & Sheehan P.C., 7 Order on Pretrial Deadlines, 2 Notice (Other) filed by Michael Gilleran, Adler Pollock & Sheehan P.C., 3 Corporate Disclosure Statement filed by Michael Gilleran, Adler Pollock & Sheehan P.C., 8 Electronic Filing Order, 5 Notice of Appearance filed by Michael Gilleran, Adler Pollock & Sheehan P.C., 6 Notice of Appearance filed by Michael Gilleran, Adler Pollock & Sheehan P.C. Signed by Clerk on 2/13/2018. (Attachments: # 1 Attachment)(Fanelle, Nicholas) (Entered: 02/13/2018) |
| 02/14/2018 | 11 | Consent MOTION for Extension of Time until May 13, 2018 to Answer or Otherwise Respond to Plaintiffs' Complaint by Adler Pollock & Sheehan P.C., Michael Gilleran. (Rinehart, Kim) (Entered: 02/14/2018) |
| 02/15/2018 | 12 | ORDER. The 11 consent motion for extension is hereby GRANTED. Further extensions are unlikely.<br><br>Signed by Judge Michael P. Shea on 2/15/2018. (Self, A.) (Entered: 02/15/2018) |
| 02/15/2018 | | Answer deadline updated for Adler Pollock & Sheehan P.C. to 5/13/2018; Michael Gilleran to 5/13/2018. (Johnson, D.) (Entered: 02/15/2018) |
| 02/15/2018 | 13 | NOTICE by Adler Pollock & Sheehan P.C., Michael Gilleran *Notice of Filing and Service of Removal* (Rinehart, Kim) (Entered: 02/15/2018) |
| 02/20/2018 | 14 | NOTICE by Adler Pollock & Sheehan P.C., Michael Gilleran *[Removal Statement]* (Rinehart, Kim) (Entered: 02/20/2018) |
| 04/20/2018 | 15 | ORDER. The Court has reviewed the file in this case to monitor the parties' compliance with Local Rule 26(f). Local Rule 26(f) provides that, within 30 days after the appearance of any defendant, the attorneys of record and any unrepresented parties must confer for purposes described in Fed. R. Civ. P. 26(f). Local Rule 26(f) further provides that, within 14 days after the conference, the participants must jointly file a report of the conference using Form 26(f). It appears that more than forty-four days have passed since the appearance of a defendant in this case but no report has been filed. Accordingly, it is hereby ordered that the parties file on or before **May 4, 2018**, (1) a written statement signed by all counsel of record demonstrating that this case is exempt from the requirement of filing a Form 26(f) report; or (2) a Form 26(f) report along with a written statement signed by all counsel of record explaining why sanctions should not be imposed for the parties' failure to comply with Local Rule 26(f). Failure to comply with this order |

| | | |
|---|---|---|
| | | will result in dismissal of the complaint.<br><br>Signed by Judge Michael P. Shea on 4/20/2018. (Self, A.) (Entered: 04/20/2018) |
| 04/20/2018 | | Set Deadlines: Rule 26 Meeting Report due by 5/4/2018 (Johnson, D.) (Entered: 04/23/2018) |
| 05/04/2018 | 16 | REPORT of Rule 26(f) Planning Meeting. (Rinehart, Kim) (Entered: 05/04/2018) |
| 05/04/2018 | 17 | NOTICE by Adler Pollock & Sheehan P.C., Michael Gilleran re 16 Report of Rule 26(f) Planning Meeting (Rinehart, Kim) (Entered: 05/04/2018) |
| 05/07/2018 | 18 | ORDER. In light of the parties 16 Rule 26(f) report, the Court hereby sets forth the deadlines in the attached.<br><br>Signed by Judge Michael P. Shea on 5/7/2018. (Self, A.) (Entered: 05/07/2018) |
| 05/14/2018 | 19 | MOTION to Dismiss by Adler Pollock & Sheehan P.C., Michael Gilleran.Responses due by 6/4/2018 (Attachments: # 1 Memorandum in Support of Motion to Dismiss)(Rinehart, Kim) (Entered: 05/14/2018) |
| 05/15/2018 | 20 | ORDER. Defendants have filed a 19 motion to dismiss Plaintiff's complaint for failure to state a claim. On or before, **June 5, 2018**, Plaintiff shall either file a response to the motion or file an amended complaint in which Plaintiff pleads as many facts as possible, consistent with Rule 11, to address the alleged defects discussed in Defendants' memorandum of law. The Court will not allow further amendments after **June 5, 2018**. If Plaintiff chooses to amend and if Defendants renew the motion to dismiss, Defendants may incorporate by reference any prior briefing<br>Signed by Judge Michael P. Shea on 5/15/2018. (Self, A.) (Entered: 05/15/2018) |
| 05/15/2018 | | Set/Reset Deadlines as to 19 MOTION to Dismiss .(Responses due by 6/5/2018, ), or( Amended Complaint due by 6/5/2018) (Johnson, D.) (Entered: 05/15/2018) |
| 06/05/2018 | 21 | AMENDED COMPLAINT against All Defendants, filed by Aashish Kalra.(Bowman, Andrew) (Entered: 06/05/2018) |
| 06/05/2018 | 22 | Memorandum in Opposition re 19 MOTION to Dismiss filed by Aashish Kalra. (Bowman, Andrew) (Entered: 06/05/2018) |
| 06/05/2018 | 23 | MOTION to Seal Settlement Agreement by Aashish Kalra. (Bowman, Andrew) (Entered: 06/05/2018) |
| 06/06/2018 | 24 | ORDER. The 23 motion to seal settlement agreement is hereby DENIED WITHOUT PREJUDICE. "[A] judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need" warranting encroachment upon the public's right to access court documents. Video Software Dealers Assoc. v. Orion Pictures, Corp. (In re Orion Pictures Corp.),21 F.3d 24, 27 (2d Cir.1994). In this District, the Local Rules expressly dictate that the Court mayseala judicial document only by an order which 'shall include particularized findings demonstrating thatsealingis supported by clear and compelling reasons and is narrowly tailored to serve those reasons.'" Travelers Indem. Co. v. Excalibur Reinsurance Corp., No. 3:11-CV-1209 CSH, 2013 WL 4012772, at *3 (D. Conn. Aug. 5, 2013) (quoting D. Conn. L. Civ. R. 5(e) (3)). The plaintiffs' motion does not demonstrate this "compelling need." The plaintiffs may refile their motion with a particularized showing regarding why sealing is warranted in this instance.<br><br>Signed by Judge Michael P. Shea on 6/6/2018. (Self, A.) (Entered: 06/06/2018) |
| 06/06/2018 | 25 | ORDER. In light of the 21 amended complaint, the 19 motion to dismiss is hereby |

| | | DENIED WITHOUT PREJUDICE.<br><br>Signed by Judge Michael P. Shea on 6/6/2018. (Self, A.) (Entered: 06/06/2018) |
|---|---|---|
| 06/19/2018 | 26 | MOTION to Dismiss *Counts II and III of the Amended Complaint* by Adler Pollock & Sheehan P.C., Michael Gilleran.Responses due by 7/10/2018 (Attachments: # 1 Memorandum in Support of Motion to Dismiss Counts II and III of the Amended Complaint)(Rinehart, Kim) (Entered: 06/19/2018) |
| 07/10/2018 | 27 | Memorandum in Opposition *to Defendants Renewed Motion* re 26 MOTION to Dismiss *Counts II and III of the Amended Complaint* filed by Aashish Kalra. (Bowman, Andrew) (Entered: 07/10/2018) |
| 07/12/2018 | 28 | MOTION for Extension of Time to File Response/Reply *Memorandum in Support* as to 26 MOTION to Dismiss *Counts II and III of the Amended Complaint* until July 30, 2018 by Adler Pollock & Sheehan P.C., Michael Gilleran. (Rinehart, Kim) (Entered: 07/12/2018) |
| 07/13/2018 | 29 | ORDER. The 28 motion for extension of time is hereby GRANTED. The defendants will have until July 30, 2018 to file a reply brief.<br><br>Signed by Judge Michael P. Shea on 7/13/2018. (Self, A.) (Entered: 07/13/2018) |
| 07/13/2018 | | Set Deadlines as to 26 MOTION to Dismiss *Counts II and III of the Amended Complaint*. Responses due by 7/30/2018 (Johnson, D.) (Entered: 07/16/2018) |
| 07/30/2018 | 30 | REPLY to Response to 26 MOTION to Dismiss *Counts II and III of the Amended Complaint* filed by Adler Pollock & Sheehan P.C., Michael Gilleran. (Rinehart, Kim) (Entered: 07/30/2018) |
| 09/19/2018 | 31 | ORDER OF TRANSFER. Case reassigned to Judge Kari A Dooley for all further proceedings<br>Signed by Clerk on 9/19/18.(Walker, J.) (Entered: 09/19/2018) |
| 09/26/2018 | 32 | NOTICE of Appearance by David R. Roth on behalf of Adler Pollock & Sheehan P.C., Michael Gilleran (Roth, David) (Entered: 09/26/2018) |
| 10/17/2018 | 33 | ORDER on Reassigned Case. Please see attached.<br>Signed by Judge Kari A. Dooley on 10/17/2018. (Grossfeld, Eric) (Entered: 10/17/2018) |
| 10/31/2018 | 34 | Joint STATUS REPORT by Adler Pollock & Sheehan P.C., Michael Gilleran. (Rinehart, Kim) (Entered: 10/31/2018) |
| 11/05/2018 | 35 | NOTICE of Hearing on Motion re: 26 MOTION to Dismiss *Counts II and III of the Amended Complaint*. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION.<br><br>Motion Hearing set for 1/14/2019 12:00 PM in Courtroom Four-Annex, 915 Lafayette Blvd., Bridgeport, CT before Judge Kari A. Dooley<br>Signed by Judge Kari A. Dooley on 11/5/2018.(Grossfeld, Eric) (Entered: 11/05/2018) |
| 11/05/2018 | 36 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. Motion Hearing set for 1/14/2019 12:00 PM in Courtroom Four-Annex, 915 Lafayette Blvd., Bridgeport, CT before Judge Kari A. Dooley (Grossfeld, Eric) (Entered: 11/05/2018) |
| 01/09/2019 | 37 | NOTICE of Appearance by Timothy Andrew Diemand on behalf of Adler Pollock & Sheehan P.C., Michael Gilleran (Diemand, Timothy) (Entered: 01/09/2019) |

11/18/2019

| 01/14/2019 | 38 | Minute Entry. Proceedings held before Judge Kari A. Dooley: taking under advisement 26 Motion to Dismiss; Motion Hearing held on 1/14/2019 re 26 MOTION to Dismiss *Counts II and III of the Amended Complaint* filed by Michael Gilleran, Adler Pollock & Sheehan P.C. Total Time: 48 minutes(Court Reporter: Traci Walker.) (Gould, K.) (Entered: 01/15/2019) |
| 01/24/2019 | 39 | ORDER granting in part and denying in part 26 Motion to Dismiss. For the reasons set forth in the attached Memorandum of Decision, the Defendants' Motion to Dismiss is DENIED as to Count Two and GRANTED as to Count Three. So Ordered. Signed by Judge Kari A. Dooley on 1/24/2019. (Grossfeld, Eric) (Entered: 01/24/2019) |
| 01/25/2019 | 40 | Joint STATUS REPORT by Adler Pollock & Sheehan P.C., Michael Gilleran. (Roth, David) (Entered: 01/25/2019) |
| 01/30/2019 | 41 | ORDER. Pursuant to 18 the Scheduling Order in this matter, the parties are scheduled to have a Telephonic Status Conference on February 1, 2019 at 10:30 A.M. In light of the representation of the parties in 40 the Joint Status Report that they have no matters to discuss with the Court, the Telephonic Status Conference is hereby *cancelled*. Signed by Judge Kari A. Dooley on 1/30/2019. (Beyerlein, Alexis) (Entered: 01/30/2019) |
| 02/07/2019 | 42 | ANSWER to 21 Amended Complaint with Affirmative Defenses and Special Defenses , COUNTERCLAIM against All Plaintiffs by Adler Pollock & Sheehan P.C., Michael Gilleran.(Rinehart, Kim) (Entered: 02/07/2019) |
| 02/11/2019 | 43 | TRANSCRIPT of Proceedings: IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS: To remove personal identifier information from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within seven (7) calendar days of this date. If no such Notice is filed, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available through PACER without redaction 90 days from today's date. The transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. The policy governing the redaction of personal information is located on the court website at www.ctd.uscourts.gov.( Redaction Request due 3/4/2019., Redacted Transcript Deadline set for 3/14/2019., Release of Transcript Restriction set for 5/12/2019.), (Walker, Traci)SEALED TRANSCRIPT event selected in error. Modified to correct. Modified on 2/13/2019 (Corriette, M.) (Entered: 02/11/2019) |
| 05/31/2019 | 44 | Joint MOTION to Amend/Correct 18 Order *Scheduling Order* by Adler Pollock & Sheehan P.C., Michael Gilleran.Responses due by 6/21/2019 (Diemand, Timothy) (Entered: 05/31/2019) |
| 05/31/2019 | 45 | ORDER granting 44 Joint Motion to Modify Scheduling Order. Document discovery due by 9/30/2019. Fact witness discovery due by 11/27/2019. Plaintiffs' expert disclosures due by 12/1/2019. Deposition of Plaintiffs' experts due by 1/15/2020. Defendants' expert disclosures due by 2/1/2020. Deposition of Defendants' experts due by 3/15/2020. Dispositive motions due by 4/1/2020. Plaintiffs' response to Defendants' 4/24/2019 propounded discovery requests due by 6/28/2019. Signed by Judge Kari A. Dooley on 5/31/2019. (Grossfeld, Eric) (Entered: 05/31/2019) |
| 05/31/2019 | | Set Deadline: Dispositive Motions due by 4/1/2020. (Gould, K.) (Entered: 06/03/2019) |
| 06/27/2019 | 46 | *Plaintiffs-Counterclaim Defendants* ANSWER to 42 Answer to Amended Complaint, Counterclaim by Asia Pacific Ventures Limited, Aashish Kalra, Trikona Advisers Limited. (Bowman, Andrew) (Entered: 06/27/2019) |
| 09/26/2019 | 47 | MOTION for Extension of Time *Unopposed* The Scheduling Order concerning Discovery and Dispositive motions 45 Order on Motion to Amend/Correct,, by Aashish Kalra. |

CT CMECF NextGen

| | | |
|---|---|---|
| | | (Bowman, Andrew) (Entered: 09/26/2019) |
| 10/02/2019 | 48 | ORDER granting 47 Motion for Extension of Time. Signed by Judge Kari A. Dooley on 10/02/2019. (Gould, K.) (Entered: 10/02/2019) |
| 10/02/2019 | | Reset Deadlines: Document discovery due by December 31, 2019, Fact Witness Discovery due by February 28, 2020, Plaintiffs' Expert Disclosures due by February 3, 2020, Deposition of Plaintiffs' Experts due by March 16, 2020, Defendants' Expert Disclosures due by May 2, 2020, Deposition of Defendants' Experts due by June 15, 2020, Dispositive motions due by July 1, 2020. Plaintiffs' Response to Defendants' discovery served in April 2019 shall be due by October31, 2019. (Gould, K.) (Entered: 10/02/2019) |
| 11/13/2019 | 49 | NOTICE of Appearance by Ivana Deyrup Greco on behalf of Adler Pollock & Sheehan P.C., Michael Gilleran (Greco, Ivana) (Entered: 11/13/2019) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 11/18/2019 10:19:39 | | | |
| PACER Login: | info0019 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 3:18-cv-00260-KAD |
| Billable Pages: | 8 | Cost: | 0.80 |

# EXHIBIT F



**From:** "Andrew Bowman" <andrew@andrewbowmanlaw.com>
**Subject:** RE: Kalra et. al. vs. Adler Pollock and Michael Gilleran - Answer to Counterclaim and Defenses
**Date:** 27 June 2019 14:36
**To:** "Diemand, Timothy A." <TDiemand@wiggin.com>
**Cc:** "Rinehart, Kim E." <KRinehart@wiggin.com>

Tim: Attached please find a copy of the Answer to APS's Counterclaim.  Due to my representation of an individual arrested in the New Canaan disappearance investigation which has taken a tremendous amount of time and my client's foreign travel, we won't have the responses to your discovery on June 30, 2019.  I'll be away from June 30 through July 10.  I'll let you know timing after I get back.  Regards, Andy


**ANDREW B. BOWMAN**
Law Offices of Andrew B. Bowman
1804 Post Road East
Westport, CT 06880
(203) 259-0599
(203) 255-2570 (Fax)
andrew@andrewbowmanlaw.com

This electronic mail (including any attachments) may contain information that
is privileged, confidential, and/or otherwise protected under applicable law
from disclosure to anyone other than its intended recipient(s). Any
dissemination or use of this electronic mail or its contents (including any
attachments) by persons other than the intended recipient(s) is strictly
prohibited. If you have received this message in error, please notify the
sender or The Law Offices of Andrew B. Bowman at 203-259-0599 immediately and then delete the
original message (including any attachments) in its entirety.

.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# EXHIBIT G

| From: | rchugh@trikonacapital.com |
|---|---|
| Sent time: | 04/12/2008 01:10:05 AM |
| To: | Aashish Kalra <aashish@trikonacapital.com> |
| Subject: | Delivered: Carousel |
| Attachments: | details.txt |

Your message was delivered to the recipient.

| From: | aashish@kalras.com |
|---|---|
| Sent time: | 10/18/2011 08:36:41 PM |
| To: | Rak Chugh <rchugh@trikonacapital.com>; Dipesh Solanky <dipesh@trikonacapital.com> |
| Cc: | Vimal Shah <vshah@psjalexander.co.uk>; Saurabh Killa <saurabh.killa@gmail.com>; Ravi Chitnis <ravichitnis@betaconsultants.ae> |
| Subject: | Re: Legal bills |