# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| AASHISH KALRA,<br>ASIA PACIFIC VENTURES LIMITED,<br>TRIKONA ADVISERS LIMITED,<br>    *Plaintiffs*, <br><br>v.<br><br>ADLER POLLOCK & SHEEHAN, P.C.,<br>MICHAEL GILLERAN,<br>    *Defendants*. | 3:18-CV-00260 (KAD)<br><br><br><br><br><br><br><br><br>January 21, 2020 |

**ORDER ON DEFENDANTS' MOTION TO COMPEL AND FOR SANCTIONS REGARDING ATTORNEYS' FEES [ECF NO. 50]**

Kari A. Dooley, United States District Judge:

Before the Court is the Defendants' request for an award of attorneys' fees necessarily incurred, they assert, because Plaintiffs' failure to timely provide discovery necessitated the filing of a motion to compel. The Plaintiffs do not dispute the time line of events which have brought us here, but they object to any award of attorneys' fees as unjust under the circumstances presented. For the reasons that follow, the motion is granted.

**Procedural History**

The Defendants served written discovery on the Plaintiffs on or about April 24, 2019. (*See* ECF No. 50-3). The Plaintiffs did not object to the discovery but nor did they provide responses to the discovery. (*See* ECF 50-1). On May 31, 2019, the Court granted Plaintiffs' request (*nunc pro tunc*) that they be given until June 28, 2019 to respond to the Defendants' discovery. (ECF No. 45). The Plaintiffs did not provide responses by June 28, 2019. (*See* ECF 50-1). On September 26, 2019, the Plaintiffs filed an unopposed motion to modify the scheduling order, to include a modified deadline for responding to the April discovery. (ECF No. 47). Specifically, the motion provided: "Plaintiffs' Response to Defendants' discovery served in April 2019 shall be due by

1

October 31, 2019. It is a condition of Defendants' consent to this motion that Plaintiffs shall interpose no objections to this discovery and will fully respond to it by October 31, 2019." (*Id*. at pg. 2). The Plaintiffs did not adequately respond to the discovery by October 31, 2019. (*See* ECF No. 50-1). On November 18, 2019, the Defendants filed a Motion to Compel and for Sanctions seeking an order of compliance and an award of attorneys' fees. (ECF No. 50). The Court convened a telephonic hearing on the motion on November 22, 2019. (ECF No. 52). The Plaintiffs requested until December 13, 2019 to comply with the April discovery, which the Court granted. (*Id.*). The Court also set a briefing schedule with respect to the Defendants' request for an award of attorneys' fees as a sanction. (*Id.*). The Plaintiffs submitted their opposition to any such award on December 19, 2019, (ECF No. 54), and the Defendants filed a reply to Plaintiffs' opposition on December 26, 2019. (ECF No. 55).

**Discussion**

Rule 37(a)(5) provides that when a motion to compel is granted, as is the case here, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). But the court "must not" make such an order if "circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii).

In their opposition to the request for attorneys' fees, the Plaintiffs do not squarely address their conduct in failing to meet the Court set and agreed upon deadlines for the discovery at issue. While they explain that they were consumed by the November trial of a related matter in Hartford Superior Court, they do not explain how that litigation precluded them from responding to the discovery in June as originally agreed upon and ordered by the Court. It is equally unclear why, if

the trial preparation and trial rendered compliance impossible, the Plaintiffs expressly agreed to the October 31, 2019 disclosure date. Indeed, it was this promise of compliance that secured the Defendants' consent to the otherwise untimely motion for extension of time. The Plaintiffs also assert that an award would be unjust in light of the Defendants' own conduct as alleged in the Complaint. This argument presupposes the Plaintiffs' success on the merits of their claim, a claim which is strenuously denied. The Court cannot excuse the Plaintiffs from meeting their discovery obligations simply because they believe wholeheartedly in the strength of their case.

On this record, it is clear that the Defendants had no avenue by which to obtain the discovery at issue other than to file the Motion to Compel. Nor does the Court believe it would be unjust to award the Defendants their reasonable expenses, to include their attorneys' fees, in making the Motion to Compel. *See, e.g.*, *Spencer v. Kenny*, No. 3:11CV50(RNC), 2015 WL 6958009, at *2 (D. Conn. Nov. 10, 2015).

However, an award of attorneys' fees pursuant to Rule 37 is calculated "according to the lodestar formula, in which the number of hours spent by the attorneys is multiplied by the hourly rate normally charged for similar work by attorneys of like skill in the area." *Bowne of New York City, Inc. v. AmBase Corp.*, 161 F.R.D. 258, 266 (S.D.N.Y. 1995) (quotation marks and citations omitted). The lodestar is the presumptively reasonable fee in determining the amount of attorneys' fees and costs warranted in connection with a motion for sanctions. *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 188 F. Supp. 3d 333, 337 (S.D.N.Y. 2016); *see also Friedman v. SThree PLC.*, No. 3:14CV00378(AWT), 2017 WL 4082678, at *3 (D. Conn. Sept. 15, 2017). The Defendants have not submitted any information to the Court regarding the time spent preparing the Motion to Compel or the hourly rates of the persons involved. The Court cannot

therefore determine the lodestar or whether any adjustment to the lodestar is appropriate under the circumstances.

On or before February 4, 2020, the Defendants shall submit an affidavit of attorneys' fees to support their request from which the Court will determine an appropriate award. The Plaintiffs shall have the opportunity to contest the reasonableness of the award by objection on or before February 18, 2020.

**SO ORDERED** at Bridgeport, Connecticut, this 21st day of January 2020.

                                               */s/ Kari A. Dooley*
                                               Kari A. Dooley
                                               United States District Judge