UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| AASHISH KALRA, ) | 3:18-CV-00260 (KAD) |
| ASIA PACIFIC VENTURES LIMITED, ) | |
| TRIKONA ADVISERS LIMITED, ) | |
|    *Plaintiffs*, ) | |
| ) | |
| v. ) | |
| ) | |
| ADLER POLLOCK & SHEEHAN, P.C., ) | |
| MICHAEL GILLERAN, ) | |
|    *Defendants*. ) | April 28, 2020 |

**ORDER AWARDING ATTORNEYS' FEES**

Kari A. Dooley, United States District Judge

This high-stakes legal malpractice action arises out of a failed business and litigation strategy purportedly orchestrated by the Defendants when they were counsel to the Plaintiffs. Plaintiffs bring both negligence and fiduciary claims and seek damages well in excess of $100,000,000.00.

This Court previously determined that an award of attorneys' fees in favor of the Defendants was appropriate in light of the Plaintiffs' failure to meet their discovery obligations which necessitated the filing of a motion to compel same. (ECF No. 61). The Court does not herein repeat the procedural history of this dispute or the rationale for the Court's decision. At the time of the decision, the Court did not have sufficient information with which to assess an appropriate award and directed the Defendants to submit an affidavit of attorneys' fees which they have now done. The Defendants seek an award of $14,242.50 in attorneys' fees and $6.80 in costs. Plaintiffs, while maintaining their objection to any award, assert that the award should not exceed $8,775.00.

"In calculating attorney's fees, the district court must first determine the 'lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—

[which] creates a presumptively reasonable fee.'" *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014) (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)). The "lodestar" should be consistent with the rates "for similar services by lawyers of reasonably comparable skill, experience, and reputation" in the "prevailing community," which is defined by reference to "the district in which the court sits." *Sony Elecs., Inc. v. Soundview Techs., Inc*, 389 F. Supp. 2d 443, 447 (D. Conn. 2005) (quotation marks and citations omitted). "It is well established that if claimed hours appear excessive, redundant, or otherwise unnecessary, the court should reduce the award accordingly." *Id*. at 449 (quotation marks and citation omitted). "There is no precise rule or formula for making these determinations, and, because 'it is unrealistic to expect a trial judge to evaluate and rule on every entry in an application,' a court may apply an across-the-board percentage cut 'as a practical means of trimming fat from a fee application.'" *Rivera v. Corp. Receivables, Inc.*, 540 F. Supp. 2d 329, 338 (D. Conn. 2008) (quoting *New York State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983)).

Defendants' counsel submitted his affidavit and copies of the billing invoices which reflect time worked in connection with the motion to compel. Attorney Diemand, lead counsel, bills at a rate of $625.00 per hour. Attorney Rinehart bills at a rate of $525.00 per hour. Attorney Greco, no longer appearing herein, billed at a rate of $400.00 per hour and paralegal Kalinowski has a billing rate of $200.00 per hour. As a preliminary matter, the Plaintiffs do not take issue with these billing rates and the Court finds them to be reasonable. *See United States ex rel. Rai v. KS2 TX, P.C.*, No. 3:17-CV-834 (JBA), 2019 WL 1397290, at *3–5 (D. Conn. Mar. 27, 2019) (approving hourly rate of $725 and $600); *Muhammed v. Martoccio*, No. 3:06-CV-1137 (WWE), 2010 WL 3718560, at *4 (D. Conn. Sept. 13, 2010) ("The Court finds Attorney Williams' rate of $500.00 per hour to be

reasonable."); *Booth v. Waltz*, 2014 WL 783547, at *10 (Conn. Super. Ct. Jan. 27, 2014) (awarding $575 hourly rate in complicated business-dissolution case).

The Plaintiffs do however object to the amount of the award because the billing reflects duplication of effort and layers of review by various attorneys, which resulted in the unreasonable expenditure of nearly 22 hours on the motion to compel. Plaintiffs submit that an award that recognizes all of Attorney Diemand's time as lead counsel is a reasonable award.

The Court agrees that the duplication of effort or layers of review creates some redundancy which, while perhaps prudent in the practice of law, should not be visited upon the Plaintiffs in this situation. The Court does not agree with Plaintiffs as to the extent of the redundancy and nor does the Court agree that the means to address this redundancy is by allowing only for Attorney Diemand's time. For example, it was completely reasonable for an associate attorney (billing at a lower rate) to undertake the research, initial drafting and subsequent editing of the motion. Rather than dissect the billing statement, to account for the duplication of effort among the lawyers, the Court applies a 15% across the board reduction in the request and awards attorneys' fees in the amount of $12,106.13 and awards costs in the amount of $6.80, for a total award of $12,112.93.

Plaintiffs shall pay the Defendants this amount on or before May 31, 2020.

**SO ORDERED** at Bridgeport, Connecticut, this 28th day of April 2020.

                                    */s/ Kari A. Dooley*
                                    Kari A. Dooley
                                    United States District Judge