# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AASHISH KALRA, et al., | ) | 3:18-CV-00260 (KAD) |
|    *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ADLER POLLOCK & SHEEHAN, P.C., et al., | ) | |
| | ) | |
|    *Defendants*. | ) | March 24, 2021 |

## ORDER AWARDING ATTORNEYS' FEES

Kari A. Dooley, United States District Judge

This high-stakes legal malpractice action arises out of a failed business and litigation strategy purportedly orchestrated by the Defendants when they were counsel to the Plaintiffs. Plaintiffs bring both negligence and fiduciary claims and seek millions of dollars in damages.

For the second time in this litigation,[1] on January 25, 2021, this Court determined that an award of attorneys' fees in favor of the Defendants was appropriate in light of the Plaintiffs' repeated failures to meet their discovery obligations. (ECF No. 132). These ongoing failures had necessitated the filing of Defendants' second motion for sanctions, (ECF No. 60), which the Court granted. The Court does not herein repeat the procedural history of this dispute or the rationale for the Court's decision. At the time of the decision, the Court did not have sufficient information with which to assess an appropriate award and directed the Defendants to submit an affidavit of attorneys' fees which they have now done. The Defendants seek an award of $30,227.50 in attorneys' fees. Although the Court allowed Plaintiffs until March 7, 2021 to contest the reasonableness of such an award, (ECF No. 132), Plaintiffs did not do so.

---

[1] The Court granted Defendants' motion to compel and for sanctions, (ECF No. 50), and awarded the Defendants $12,112.93 in attorneys' fees in connection therewith. (ECF No. 86).

"In calculating attorney's fees, the district court must first determine the 'lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—[which] creates a presumptively reasonable fee.'" *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014) (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)). The "lodestar" should be consistent with the rates "for similar services by lawyers of reasonably comparable skill, experience, and reputation" in the "prevailing community," which is defined by reference to "the district in which the court sits." *Sony Elecs., Inc. v. Soundview Techs., Inc*, 389 F. Supp. 2d 443, 447 (D. Conn. 2005) (quotation marks and citations omitted). "It is well established that if claimed hours appear excessive, redundant, or otherwise unnecessary, the court should reduce the award accordingly." *Id*. at 449 (quotation marks and citation omitted).

Defendants' counsel submitted his affidavit and copies of the billing invoices which reflect time worked in connection with the motion for sanctions. Attorney Diemand, lead counsel, bills at a rate of $625.00 per hour. Attorney Rinehart bills at a rate of $525.00 per hour. Attorney Greco, no longer appearing herein, billed at a rate of $400.00 per hour. Attorney Taylor billed at a rate of $350.00 per hour and paralegal Lisa Weeden has a billing rate of $200.00 per hour. In this case, the Court has previously found similar billing rates to be reasonable and sees no reason to change that assessment at this time. (ECF No. 86 at 2); *see United States ex rel. Rai v. KS2 TX, P.C.*, No. 3:17-CV-834 (JBA), 2019 WL 1397290, at *3–5 (D. Conn. Mar. 27, 2019) (approving hourly rate of $725 and $600); *Muhammed v. Martoccio*, No. 3:06-CV-1137 (WWE), 2010 WL 3718560, at *4 (D. Conn. Sept. 13, 2010) ("The Court finds Attorney Williams' rate of $500.00 per hour to be reasonable."); *Booth v. Waltz*, 2014 WL 783547, at *10 (Conn. Super. Ct. Jan. 27, 2014) (awarding $575 hourly rate in complicated business-dissolution case).

Although afforded an opportunity to object to the amount of attorneys' fees sought by the Defendants, the Plaintiffs have not done so and nor have they sought additional time within which to do so. In reviewing the affidavit of Attorney Diemand and the attached billing invoices, it appears to the Court that the Defendants' attorneys expended a reasonable number of hours in both preparing and prosecuting the second motion for sanctions. The Court sees no obvious error in the submission or reason to reduce the fees sought. Accordingly, Plaintiffs shall pay the Defendants $30,227.50 on or before April 26, 2021.

**SO ORDERED** at Bridgeport, Connecticut, this 24th day of March 2021.

                                             */s/ Kari A. Dooley*
                                             Kari A. Dooley
                                             United States District Judge