## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AASHISH KALRA, ASIA PACIFIC VENTURES LIMITED, TRIKONA ADVISERS LIMITED,[1] | ) ) ) | 3:18-CV-00260 (KAD) |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | |
| ADLER POLLOCK & SHEEHAN, P.C., MICHAEL GILLERAN | ) ) | |
| *Defendant*s. | ) | NOVEMBER 5, 2021 |

## ORDER ON DEFENDANTS' MOTION TO DISMISS FOR DISCOVERY NON-COMPLIANCE (ECF NO. 142) AND PLAINTIFFS' CROSS-MOTION FOR SANCTIONS (ECF NO. 152)

Kari A. Dooley, United States District Judge

Once again, the question of whether Plaintiffs have met their discovery obligations is before the Court. The Court has previously granted Defendants' two prior motions for sanctions and awarded attorneys' fees and costs in the combined amount of $42,340.43. Presently before the Court is Defendants' motion to dismiss Plaintiffs' complaint as a sanction for Plaintiffs' continued failure to comply with the Court's discovery orders. In response, Plaintiffs assert that they have met their obligations and complied with the Court's prior discovery orders. They seek sanctions against Defendants pursuant to Rule 11 of the Federal Rules of Civil Procedure for the purportedly frivolous motion to dismiss. For the reasons that follow, Defendants' Motion to Dismiss is DENIED and Plaintiffs' Cross-Motion for Sanctions is DENIED.

## Procedural History

This Court has previously observed:

---

[1] The Court previously dismissed Trikona Advisers Limited as a Plaintiff in this action. (*See* ECF No. 132 at 19). The Clerk of the Court is directed to correct the case caption by removing reference to Trikona Advisers Limited.

Time and again, this Court has ordered the Plaintiffs to meet their discovery obligations. Time and again, the Plaintiffs have failed to do so. At this juncture, the only remaining question is what the consequences shall be for this egregious course of conduct by the Plaintiffs.

(ECF No. 132). Whether this observation has continued viability, i.e., whether Plaintiffs have, in fact, still not provided discovery as ordered, and if not, what the appropriate sanction should be, is addressed herein. However, given the escalating nature of the relief sought by Defendants the Court first repeats the tortured history of the discovery in this case as was previously set forth by the Court.

Defendants served written discovery on the Plaintiffs on or about April 24, 2019. (*See* ECF No. 50-3). The Plaintiffs did not object to the discovery but nor did they provide timely responses to the discovery. (*See* ECF No. 50-1). On May 31, 2019, the Court granted Plaintiffs' request (*nunc pro tunc*) that they be given until June 28, 2019 to respond to the Defendants' discovery. (ECF No. 45). The Plaintiffs did not provide responses by June 28, 2019. (*See* ECF No. 50-1). On September 26, 2019, the Plaintiffs filed an unopposed motion to modify the scheduling order, to include a modified deadline for responding to the April 2019 discovery. (ECF No. 47). Specifically, the motion provided: "Plaintiffs' Response to Defendants' discovery served in April 2019 shall be due by October 31, 2019. It is a condition of Defendants' consent to this motion that Plaintiffs shall interpose no objections to this discovery and will fully respond to it by October 31, 2019." (*Id*. at 2). The Court granted Plaintiffs' motion, but the Plaintiffs did not adequately respond to the discovery requests by October 31, 2019. (*See* ECF No. 50-1). On November 18, 2019, the Defendants filed a motion to compel and for sanctions seeking an order of immediate compliance and an award of attorneys' fees. (ECF No. 50). The Court convened a telephonic hearing on the motion on November 22, 2019. (ECF No. 52). The Court granted the motion to compel but upon Plaintiffs' request, extended the deadline to respond to the April 2019 discovery to December 13, 2019. (*Id*.). In doing so, the Court also admonished Plaintiffs that if Defendants were still concerned about the adequacy of the document production and/or compliance with the Court's order, the Defendants would "be asking for sanctions to include precluding evidence of the damages previously claimed, and perhaps others." (ECF No. 59 at 10).[2] The Court also granted the Defendants' request for an award of

---

[2] "Plaintiffs provided documents to the Defendants on December 13, 2019 and the adequacy of that production [was] the subject of the [Defendants' January 17, 2020] motion for sanctions. However, on December 13, 2019, the Plaintiffs also filed a motion for a protective order seeking to preclude production of certain tax records which were sought in the April 2019 discovery requests. (ECF No. 53). Because the Plaintiffs had never objected to the request for these records; had represented time and again that records responsive to the April 2019 discovery requests would be produced without objection; and did not seek timely reconsideration of the Court's granting of the November 18, 2019 motion to compel requiring disclosure of these records by December 13, 2019, the Court denied the motion for

attorneys' fees in connection with the November 18, 2019 motion to compel. (ECF No. 61). After receiving further submissions as to the amount of any such award, on April 28, 2020, the Court ordered Plaintiffs to pay $12,112.93 in attorneys' fees to the Defendants. (ECF No. 86).

Following the December 13, 2019 production of records and purported compliance with the Court's order, on January 17, 2020, Defendants filed [a second] motion for sanctions in which they assert[ed] that Plaintiffs still did not adequately respond to the discovery on a number of different issues. Plaintiffs did not file a timely opposition to Defendants' motion. Therefore, Defendants filed a "reply" on February 14, 2020 reiterating its request in light of Plaintiffs' failure to respond. Thereafter, on February 20, 2020, without explanation or mention of the untimely nature of the opposition, Plaintiffs responded to Defendants' motion for sanctions. Defendants filed a reply on March 4, 2020 and Plaintiffs filed a sur-reply on March 6, 2020.

(ECF No. 132). By decision dated January 25, 2021, the Court granted Defendants' second motion for sanctions. (*See id*). The Court ordered Trikona Advisers Limited ("TAL") removed as a Plaintiff in the case because Plaintiffs failed to provide any discovery demonstrating that Kalra was authorized to advance this litigation on behalf of TAL. The Court ordered that Plaintiffs shall be precluded from offering evidence in support of certain damages claims, because Plaintiff had not produced discovery as to those. The Court directed Defendants to file an affidavit of attorneys' fees and upon review of that affidavit awarded Defendants additional attorneys' fees in the amount of $30,227.50. (ECF No. 143). Finally, the Court ordered Plaintiffs to produce the following discovery on or before February 21, 2021: "(1) all files relating to the underlying litigations [as] identified . . ., along with releases to obtain those files from applicable counsel; (2) all ownership and organizational status documents up to the present day for TAL and Asia Pacific [Ventures Limited ("Asia Pacific")]; and (3) communications involving TAL's and Asia Pacific's directors,

protective order. (ECF No. 85). This ill-conceived and ill-fated motion for a protective order is exemplary of Plaintiffs' repeated efforts to thwart this Court's orders and to evade their own disclosure obligations." (ECF No. 132 at 6 n.2).

officers, and employees relevant to the subjects in dispute during all relevant times." (ECF No. 132 at 19).

On February 9, 2021 and February 20, 2021 Plaintiffs produced documents to Defendants, which production Plaintiffs' counsel "believe[s] is in compliance with the Court's order." (ECF No. 142-3). On March 19, 2021, the Defendants filed the instant motion to dismiss in which they aver that the documents produced in response to the Court's order contain "no indication that Plaintiffs conducted the email/document search required to comply with the Court's Order." (ECF No. 142) Defendants specifically refer to communications by and between Plaintiff Kalra, Directors Koh and Killa and any other officers or employees of TAL or Asia Pacific concerning the issues in dispute. Defendants further submit that they did not receive the ownership and organizational status documents for Asia Pacific or Asia Pacific's books and records.[3]

Again, Plaintiffs did not timely respond to Defendants' motion to dismiss. On April 20, 2021, Plaintiffs filed the instant motion for sanctions and an opposition to the motion to dismiss, in which they assert that they have fully complied with the Court's discovery orders; that the motion to dismiss is baseless and that Rule 11 sanctions should therefore issue. (ECF No. 152). Further, on April 27, 2021, Plaintiffs filed a motion for extension of time *nunc pro tunc,* within which to respond to Defendants' motion to dismiss. (ECF No. 154). Therein, Plaintiffs' counsel explains that the untimeliness of the briefing was largely due to a death in counsel's family.[4]

---

[3] The Court does not resolve herein Defendants' contention that these books and records were not produced. First, it is not entirely clear that these books and records fall within the scope of the Court ordered disclosures and Defendants do not develop the argument that these documents are encompassed within "all ownership and organizational status documents up to the present day for TAL and Asia Pacific." Further, in his affidavit submitted in opposition to Defendants' motion to dismiss and in support of the motion for sanctions, Plaintiff Kalra avers that Plaintiffs produced current information with respect to the organizational status of Asia Pacific. Plaintiff further avers that, because Asia Pacific solely functions as a shareholder of TAL and has not conducted business since 2009, no financial statements or bank account for Asia Pacific exist. In Defendants' reply to Plaintiffs' opposition to their motion to dismiss, Defendants do not respond to these assertions.

[4] In connection with Plaintiffs' motion for extension of time, for reasons that elude the Court, the parties engaged in a wholly collateral dispute regarding representations that were made during a series of calls and emails that occurred

Defendants thereafter filed a reply to Plaintiffs' opposition to their motion to dismiss and an opposition to Plaintiffs' motion for sanctions. (ECF No. 153). The Court granted Plaintiffs' motion for extension of time and has considered all submissions in rendering this decision.

**Discussion**

**Plaintiffs' Motion for Sanctions**

Plaintiffs' motion seeks sanctions against defense counsel ostensibly for violations of Rule 11(b) of the Federal Rules of Civil Procedure. Specifically, Plaintiffs allege that the filing of Defendants' motion to dismiss was frivolous and baseless. Plaintiffs' motion for sanctions utterly ignores the strict and explicit requirements of Rule 11 and is denied.

Rule 11(c)(1) provides in pertinent part: "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party." Fed. R. Civ. P. 11(c)(1). Rule 11(c)(2) however, the so-called safe harbor provision, precludes a party from filing a motion for sanctions until twenty-one days after service upon the opposing party, thereby giving the other party an opportunity to correct the allegedly improper filing. Fed. R. Civ. P. 11(c)(2). Here, Plaintiffs certified that they provided Defendants with a copy of their motion for sanctions on the same day that it was filed, to wit, through the Court's electronic filing system. This procedure clearly does not comply with Rule 11(c)(2). Further, there is no claim in the motion or other indication that Plaintiffs complied with the safe harbor provision by effectuating service at an earlier date. Indeed, the various affidavits by counsel that Plaintiffs submitted in connection with not only their motion for sanctions but also in connection with their motion for extension of time makes manifest that

---

(or did not occur) on or about April 15, 2021 and the extent to which Defendants' counsel had consented to an extension of time within which Plaintiffs could file their Rule 56(a)(1) statement in connection with their motion for summary judgment. (*See* ECF Nos. 154, 155, 156, and 157). That dispute has no bearing on either of the instant motions and is not resolved herein.

no such service occurred. (*See* ECF Nos. 152 and 154). "The safe-harbor provision is a strict procedural requirement." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012). Because Plaintiffs failed to comply with the safe harbor provision, their motion for sanctions must be and is denied. *See Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 142 (2d Cir. 2002) (finding abuse of discretion where district court awarded sanctions in contravention of the explicit procedural requirements set forth in the safe harbor provision of Rule 11).

In addition to the procedural shortcomings of Plaintiffs' motion for sanctions, Rule 11 explicitly "does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37." Fed. R. Civ. P. 11(d); *see also Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 57–58 (2d Cir. 2000). Defendants' motion to dismiss is brought pursuant to Rule 37 and arises out of Plaintiffs' purported failure to comply with the Court's discovery orders. *See* ECF No. 142 at 3. Plaintiffs' motion for sanctions is therefore denied on this basis as well.

### Defendants' Motion to Dismiss

Defendants' motion seeks to dismiss Plaintiffs' complaint as a sanction for Plaintiffs' purportedly continued failure to comply with the Court's discovery orders. Pursuant to Rule 37(b), if a party fails to obey a discovery order, the Court may issue an order "prohibiting the disobedient party from supporting . . . designated claims . . . or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). "A district court has wide discretion to impose sanctions, including severe sanctions, under Federal Rule of Civil Procedure 37." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294 (2d Cir. 2006). For example, in *John B. Hull, Inc. v. Waterbury Petroleum Prod., Inc.*, the United States Court of Appeals for the Second Circuit upheld the

dismissal of a party's complaint "for its failure to obey repeated orders to provide discovery" to an opposing party. 845 F.2d 1172, 1176 (2d Cir. 1988). There, the court found noteworthy that the non-compliant party "repeatedly refused to answer" the other party's interrogatories requesting that the non-compliant party "break down its damage claims, . . . specify how it calculated those damages, identify the documents relied on to calculate the damages, identify the documents containing its calculations, and identify those individuals who participated in calculating the damages." *Id*. Despite multiple court orders directing the non-compliant party to specifically "answer each portion of the damages interrogatory," the non-compliant party "merely reiterated the unsupported damage amounts it had alleged since the beginning of the litigation [and] . . . did not state how the amount was calculated, break down the damages into their components, nor identify the documents relied on in calculating damages." *Id*. Although the Second Circuit acknowledged that dismissal was a "drastic remedy," it agreed with the district court that the non-compliant party's "flagrant disregard of court orders . . . justified the imposition of the sanction of dismissal: [the non-compliant party] failed to provide any meaningful discovery concerning a core trial issue despite three clear court orders, which included two warnings that dismissal would follow if [the non-compliant party] failed to provide adequate responses." *Id*. at 1176–77.

To be sure, if, at this juncture, the Court were to determine that Plaintiffs have yet again failed to provide the discovery at issue, dismissal would be an appropriate sanction. As discussed below, however, the Court cannot so conclude.

In response to the Court's most recent order, Plaintiffs produced to Defendants all of the documents that had been in prior counsel's possession. In doing so, Plaintiffs enlisted the assistance of an attorney to organize the documents by category and to review them for work

product or privileged communications. Moreover, Plaintiffs produced to Defendants an additional fourteen documents on a variety of subjects.

Defendants now claim that some, though not all, of the documents that the Court ordered Plaintiff to disclose were produced. The focus of the remaining dispute is whether Plaintiffs adequately produced communications, in whatever form, involving TAL's and Asia Pacific's directors, officers, and employees.

In their motion for sanctions and in response to Defendants' motion to dismiss, Plaintiffs submitted an affidavit by Plaintiff Kalra in which he avers that following the transfer of this matter from his prior counsel to his present counsel, "[p]er [present counsel's] request, [he] had a further search done to make sure [present counsel] had all the correspondence that related to all the issues regarding Rakshitt Chugh . . . and his Peak XV companies as well as all communications with Defendants." (ECF No. 152-3 at 1). In addition, he avers that "with respect to communications involving TAL's and Asia Pacific's directors, officers and employees relevant to the subjects in dispute during all relevant times . . ., a search had been made at the request of [prior counsel] . . . and the documents produced under the category CORR encompasses all such communications in Plaintiffs['] possession." *Id*. (internal quotation marks omitted). However, as Defendants contend, Plaintiffs did not reveal the nature and scope of the search undertaken to locate and produce the communications at issue. They did not reveal who conducted the search for these documents and what precisely (or even generally) Plaintiff Kalra or his designee[5] did when conducting the search to access, for example, communications between directors of Asia Pacific. Without this information, Defendants assert that Plaintiffs have not demonstrated compliance with the Court's sanction order. Defendants further assert that because prior counsel had advised the Court that

---

[5] Plaintiff Kalra's affidavit implies that he did not personally conduct the search. *See* ECF No. 152-3 at 1, 3 (stating passively that Plaintiff "had a further search done" and "a search had been made").

these communications had not been provided to him, simply providing the records from prior counsel's file is conclusive proof that Plaintiffs have still not complied with the Court's orders.

Defendants' skepticism, no doubt, derives from Plaintiffs' heretofore abysmal effort to meet its discovery obligations in this case. However, the Court cannot, on this record, conclude that Plaintiffs continue to withhold responsive documents. Plaintiff Kalra states, under oath, that he searched for the requested communications as between the directors and officers of TAL and Asia Pacific at the request of both prior and current counsel and that "all such communications in Plaintiffs' possession" have been disclosed. That prior counsel did not believe he had been provided such records at a date specific in the past, does not demonstrate that the records have not been produced at this juncture. Further, the Court has not previously ordered, or been asked to order, Plaintiffs to conduct the search by any particular method or using specific search terms. Plaintiffs' refusal to respond to Defendants' inquiry in this regard, does not therefore form an additional basis to conclude that the disclosures were not complete or that Plaintiffs' complaint should be dismissed as a result.[6]

For the foregoing reasons, Defendants' motion to dismiss is denied.


**SO ORDERED** at Bridgeport, Connecticut, this 5th day of November 2021.


 /s/ Kari A. Dooley
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

---

[6] The court notes that the parties' Rule 26(f) report contemplates a cooperative approach in the search and production of electronically stored information, to include collaboration on search terms and the like. However, Plaintiffs' failure to abide by the parties' agreement in this regard is not tantamount to an admission by Plaintiffs that they failed to comply with the Court's sanction order.