UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AASHISH KALRA, *et al.*,<br>    *Plaintiffs*,<br><br>v.<br><br>ADLER POLLOCK & SHEEHAN, P.C.,<br>*et al.*,<br>    *Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO. 3:18-cv-260 (KAD)<br><br><br><br><br>  January 23, 2023 |

<u>MEMORANDUM OF DECISION</u>
RE: PLAINTIFFS' MOTION *IN LIMINE* (ECF NO. 186) AND DEFENDANTS'
MOTION *IN LIMINE* (ECF NO. 187) REGARDING AFFIRMATIVE DEFENSES OF
LEGAL MALPRACTICE AND BREACH OF FIDUCIARY DUTY

Kari A. Dooley, United States District Judge:

Plaintiffs commenced this action against their former counsel alleging, *inter alia*, legal malpractice and breach of fiduciary duty. On January 31, 2022, the Court entered summary judgment in favor of Defendants as to both claims. *See* ECF No. 163. On September 1, 2022, the appeal of that decision was dismissed by the Second Circuit Court of Appeals. *See* ECF No. 177. All that remains to be tried are Defendants' counterclaims for breach of contract and unjust enrichment arising out of the alleged failure by Plaintiffs to pay Defendants for legal services rendered. Presently before the Court are competing motions *in limine* as to whether Plaintiffs may put forth the affirmative defenses of legal malpractice and breach of fiduciary duty at the upcoming trial on Defendants' counterclaims. Defendants request that the Court preclude Plaintiff from raising either defense insofar as the Court has already decided these issues against the Plaintiffs. (ECF No. 187) Notwithstanding the Court's prior decision, Plaintiffs argue that they should be able to put on evidence of Defendants' malpractice and breach of fiduciary duty. (ECF No. 186) For the following reasons, Defendants' motion *in limine* is GRANTED and Plaintiffs' motion *in limine* is DENIED.

**Standard of Review**

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal citations omitted). "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *Highland Capital Management, L.P. v. Schneider*, 379 F. Supp. 2d 461, 470 (S.D.N.Y. 2005).

**Facts and Procedural History**

The Court assumes the parties' familiarity with both the allegations underlying this action as well as the long and somewhat tortured procedural path this case has followed. The Court includes only those allegations necessary to decide the pending motions.

Plaintiffs sued their former counsel, alleging legal malpractice and breach of fiduciary duty claims. *See* Am. Compl., ECF No. 21, June 5, 2018. Defendants, in their answer, asserted two counterclaims for breach of contract and unjust enrichment to recover legal fees that Plaintiffs failed to pay. *See* Answer, Defenses and Countercl., ECF No. 42, Feb. 7, 2019. Plaintiffs answered those counterclaims with several affirmative defenses, including that Defendants committed legal malpractice and breached their fiduciary duty to Plaintiffs, *incorporating by reference the factual allegations set forth in their complaint*. *See* Pls.' Answer to Countercl. and Defenses, ECF No. 46, June 27, 2019.

On January 31, 2022, the Court ruled on the parties' cross motions for summary judgment on Plaintiffs' claims. The Court granted Defendants' motion for summary judgment and denied Plaintiffs' motion for summary judgment. Memo. of Decision, ECF No. 163, Jan. 31, 2022. In doing so, the Court first held that to prevail on a legal malpractice claim in Connecticut, a plaintiff must present expert testimony to establish both the standard of care and that the defendant's conduct "legally caused" the injury of which they complain. *Id.* at 6 (citing *Dunn v. Peter L. Leepson, P.C.*, 79 Conn. App. 366, 369, 830 A.2d 325, *cert. denied*, 266 Conn. 923, 835 A.2d 472 (2003)). The Court further held that given the allegations in Plaintiffs' complaint, expert testimony was also necessary to establish the breach of fiduciary duty claims. *Id.* at 7–8 (citing *Marciano v. Kraner*, 126 Conn. App. 171, 178–79, 10 A.3d 572, cert. denied, 300 Conn. 922, 14 A.3d 1007 (2011)). The Court observed that both of these claims will necessarily fail if the plaintiff does not offer the necessary expert testimony. *Id.* (citing *Vona v. Lerner*, 72 Conn. App. 179, 189–92, 804 A.2d 1018 (2002), *cert. denied*, 262 Conn. 938, 815 A.2d 138 (2003)).

Accordingly, central to both motions for summary judgment were Plaintiffs' proffered expert opinions. On March 2, 2020, Plaintiff had timely disclosed Attorney John O. Mirick as an expert. Attorney Mirick's report included a "tentative" opinion letter prepared by him. By Attorney Mirick's own acknowledgment, the opinion letter did not discuss the applicable standard of care or whether any breach of that standard caused the Plaintiffs damages. Thereafter, when the parties moved for summary judgment, Plaintiffs submitted for the first time two affidavits executed by Attorney Mirick. The affidavits and the extensive opinions contained therein had not been previously disclosed to Defendants and were submitted well after the expert disclosure deadline. The Court therefore, pursuant to Rule 37(c), precluded any opinions offered by Attorney Mirick

which did not appear in the initial disclosure.[1] And given the paucity of the opinions offered in the March 2, 2020 disclosure with respect to the applicable standard of care or causation with respect to Plaintiffs' claimed damages, the Court found no genuine issue of material fact to be tried as to Plaintiffs' claims and granted summary judgment for Defendants.

**Discussion**

Plaintiffs argue that because the Court's summary judgment decision was not on the merits and instead decided on a procedural technicality, preclusive doctrines such as *res judicata* or law of the case do not apply.[2] Defendants contend that the Court's conclusion that Attorney Mirick's timely disclosed opinion was inadequate to support Plaintiffs' claims of malpractice and breach of fiduciary duty was a decision on the merits for purposes of either the law of the case doctrine or an analysis under the principles of *res judicata*. The Court agrees with Defendants.

Law of the case doctrine limits "relitigation of an issue once it has been decided. . . . [L]aw of the case is concerned with the extent to which law applied in a decision at one stage of litigation becomes the governing principles in later stages of the same litigation." *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 148 (2d Cir. 1999). "As most commonly defined, the doctrine [of law of the

---

[1] This decision was but the latest in a series of decisions in which Plaintiffs were sanctioned for failing to abide by their discovery obligations. *See* ECF No. 61 (granting Defendants' first motion for sanctions and awarding attorneys' fees and costs for Plaintiffs' failure to timely provide discovery); ECF No. 132 (granting Defendants' second motion for sanctions and awarding attorneys' fees and costs for Plaintiffs' continuing failure to obey the Court's discovery orders).

[2] Plaintiffs refer to "law of the case" as *res judicata.* These are distinct concepts, however. *See, e.g.*, *Rezzonico*, 182 F.3d at 148 ("The doctrine of law of the case is similar to the issue preclusion prong of *res judicata* in that it limits relitigation of an issue once it has been decided. However, law of the case is concerned with the extent to which law applied in a decision at one stage of litigation becomes the governing principle in later stages of the same litigation. *Res judicata* does not speak to direct attacks in the same case, but rather has application in subsequent actions."); *In re HS 45 John LLC*, 585 B.R. 64, 77–78 (S.D.N.Y. 2018) ("Under federal law, *res judicata* 'bars later litigation if [an] earlier decisions was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action.'") (emphasis added); *EDP Medical Computer Systems, Inc., v. U.S.*, 480 F.3d 621, 624 (2d Cir. 2007) (same). But whether the summary judgment decision is viewed through the law of the case doctrine or *res judicata,* the outcome is the same. Plaintiffs had a full and fair opportunity to prosecute their malpractice and fiduciary duty claims. Defendants prevailed on the merits of those claims not because of a "technicality," but because of Plaintiffs' wholesale disregard for their discovery obligations, which precluded them from relying upon evidence put forth in violation of those obligations.

case] posits that when a court decides upon a rule of law, that decision should [generally] continue to govern the same issues in subsequent stages in the same case." *Id.* (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)).

Preliminarily, the Court does not revisit the question of whether expert testimony is necessary to prove Plaintiffs' affirmative defense based upon a breach of fiduciary duty as the Court remains of the view that the issue was correctly decided in the summary judgment decision. *See Marciano,* 126 Conn. App. at 178–79; ECF No. 163 at 8 (The breach of fiduciary claims "implicate the [role] of an attorney, the contours of the professional relationship between attorney and client and, like the malpractice claim, the propriety of the advice given. The Court concludes therefore that expert testimony is necessary to explain such matters to the lay jury so that the jury might assess the [Defendants'] conduct in light of that testimony.").

Turning to the substance of the expert witness opinions, the Court agrees that the decision to preclude the expert affidavits accompanying Plaintiffs' summary judgment as a sanction was a procedural decision. However, the determination that the *timely* disclosed expert opinion was insufficient, as a matter of law, to support Plaintiffs claims of legal malpractice and breach of fiduciary duty was a decision on the merits. Plaintiffs' request to raise the affirmative defenses of legal malpractice and breach of fiduciary duty in response to Defendants' counterclaims, in essence, asks this Court the reconsider this merits decision. This request clearly implicates the law of the case doctrine. *See Boyd v. J.E. Robert Co.*, No. 05-cv-2455, 2010 WL 5772892, at *16 (E.D.N.Y. Mar. 31, 2010) ("Inasmuch as the . . . defendants have declined to offer new arguments on this issue, and appear merely to reprise arguments offered in support of prior motions to dismiss that were ultimately rejected by this [c]ourt, the doctrine of the law of the case mandates that these arguments be rejected."), *report and recommendation adopted*, No. 05-cv-2455, 2011 WL 477547

(E.D.N.Y. Feb. 2, 2011); *Nat'l Westminster Bank, U.S.A. v. Ross*, 130 B.R. 656, 685 (S.D.N.Y. 1991) ("Three of defendant's counterclaims — breach of contract, breach of fiduciary duty and breach of duty to deal in good faith — have already been dismissed [in a prior decision in this action]. That decision constitutes the law of the case and defendant cannot relitigate those claims absent compelling circumstances."), *aff'd sub nom. Yaeger v. Nat'l Westminster*, 962 F.2d 1 (2d Cir. 1992).

The Court, for all the reasons articulated in the summary judgment decision, fails to see any circumstances, let alone compelling circumstances, that would warrant revisiting the determination that the timely disclosed expert opinion failed to include any opinions regarding the applicable standard of care or causation with respect to Plaintiffs' claimed damages and therefore failed, as a matter of law, to support Plaintiffs' malpractice and fiduciary duty claims. *See LPD New York, LLC v. Adidas America, Inc.*, No. 15-cv-6360 (MKB) (RLM), 2020 WL 9886308, at *6–*7 (E.D.N.Y. Mar. 31, 2020) (striking affirmative defense pursuant to the law of the case doctrine because plaintiff merely reprised arguments offered in support of prior motions that were ultimately rejected). In short, Plaintiffs' malpractice claim and breach of fiduciary duty claim have been decided on the merits and shall not be relitigated as affirmative defenses to Defendants' counterclaims.

For the same reasons, Plaintiffs also may not offer evidence regarding the 2013 press release because the Court has already denied Plaintiffs' motion to amend their complaint to add the theory that Defendants were negligent in recommending, fabricating, and publishing the press release. *See* Order Denying Mot. to Amend, ECF No. 101, Aug. 2, 2020.

Simply because it is now time to address Defendants' counterclaims does not mean that Plaintiffs have a clean slate to relitigate claims already disposed of in the case.

**Conclusion**

For the reasons above, Plaintiffs' motion *in limine*, ECF No. 186, is **DENIED** and Defendants' motion *in limine*, ECF No. 187, is **GRANTED**.

**SO ORDERED** at Bridgeport, Connecticut, this 23rd day of January 2023.

                           */s/ Kari A. Dooley*
                           KARI A. DOOLEY
                           UNITED STATES DISTRICT JUDGE